The PEOPLE of the State of Colorado, Plaintiff–Appellee,

v.

Bruce SHIELDS, Defendant–Appellant.

No. 88CA1710.

Colorado Court of Appeals, Div. III.

Aug. 30, 1990.

As Modified on Denial of Rehearing Oct. 4, 1990.

Certiorari Granted March 11, 1991.

Duane Woodard, Atty. Gen., Charles B. Howe, Chief Deputy Atty. Gen., Richard H. Forman, Sol. Gen., Martha M. Ezzard, Special Asst. Atty. Gen., Denver, for plaintiff-appellee.

David F. Vela, Colorado State Public Defender, Thomas R. Williamson, Deputy State Public Defender, Denver, for defendant-appellant.

Opinion by Judge NEY.

Defendant, Bruce Shields, appeals from a judgment of conviction entered upon a jury verdict finding him guilty of first degree sexual assault and second degree burglary. We affirm in part, reverse in part, and remand.

On September 12, 1987, the sixteen-year-old victim was awakened by the defendant who placed his hand over her mouth. Using his other hand the defendant removed the victim's undergarments, and put his fingers in her vagina. While his hand still covered the victim's mouth, the defendant engaged in oral sex. When the defendant released the victim, she ran screaming to a family member who was in the residence. No weapons or overt threats were used to cause the victim's submission.

## I.

Defendant contends the trial court erred by failing fully to instruct the jury regarding second degree sexual assault, and by failing to respond adequately to a jury inquiry about the offense. We agree.

During deliberations, the jury sent the following inquiry to the court:

"1. Could we have further definition of the difference between 1st & 2nd degree sex assault? [sic]

"2. If there were no 'intercourse,' can there still be first degree sexual assault?"

The trial court responded to the first question by stating, "I can only refer you to the instructions." As to the second question, the trial court responded: "The answer to your second question can be found by applying the definitions in Instruction Number 17 [definitions of sexual intrusion and sexual penetration] to the elements of first degree sexual assault in Instruction Number 12 [elements of sexual assault in the first degree]."

Section 18–3–402, C.R.S. (1986 Repl.Vol. 8B), as relevant under the facts here, defines sexual assault in the first degree:

"Any actor who knowingly inflicts sexual intrusion or sexual penetration on a victim commits a sexual assault in the first degree if:

"(a) The actor causes submission of the victim through the actual application of physical force or physical violence; or

"(b) The actor causes submission of the victim by threat of imminent death, serious bodily injury, extreme pain, or kidnapping, to be inflicted on anyone, and the victim believes that the actor has the present ability to execute these threats...."

Sexual assault in the second degree is defined in § 18–3–403, C.R.S. (1986 Repl. Vol. 8B):

"Any actor who knowingly inflicts sexual penetration or sexual intrusion on a victim commits sexual assault in the second degree if:

"(a) The actor causes submission of the victim to sexual penetration by any means other than those set forth in section 18–3–402, but of sufficient consequence reasonably calculated to cause submission against the victim's will, or

"(b) The actor causes submission of the victim to sexual intrusion by any means other than those set forth in section 18–3–402, but of sufficient consequence reasonably calculated to cause submission against the victim's will...."

The instruction on second degree sexual assault given by the trial court reads in part as follows:

"The elements of Sexual Assault In The Second Degree are:

"(1) That the Defendant,

"(2) in the City and County of Denver, State of Colorado, on or about September 12, 1987,

"(3) knowingly inflicted sexual penetration or sexual intrusion on a person, and

"(4) caused submission of that person

"(5) by any means of sufficient consequence to reasonably cause submission against the victim's will,

"(6) reasonably calculated to cause submission against that person's will,

"(7) without the affirmative defense of consent as set forth in Instruction No. 10."

We note that this instruction is consistent with COLJI–Crim. No. 12:05 (1990 Supp.) and its notes on use which contemplate that it is not necessary to include the first degree elements of causing submission through the application of physical force or physical violence as negative elements of second degree sexual assault. However, here, the jury by its inquiry indicated its confusion between first and second degree sexual assault.

█ In light of conflicting evidence concerning the use of physical force by defendant, a conviction of first degree sexual assault required a factual determination that the defendant had caused the submission of the victim through the actual application of physical force or physical violence. Section 18–3–402(1)(a), C.R.S. (1986 Repl.Vol. 8B). A conviction for second degree sexual assault would have been appropriate if the jury had determined that the defendant caused submission of the victim to sexual penetration or sexual intrusion by any means other than those set forth in § 18–3–402, but of sufficient consequence reasonably calculated to cause submission against the victim's will. Section 18–3–403, C.R.S. (1986 Repl.Vol. 8B).

█ When the jury indicates to the court that it does not understand an element of the offense charged or some other matter of law central to the guilt or innocence of the accused, the court has an obligation to clarify that matter for the jury in a concrete and unambiguous manner. *Leonardo v. People*, 728 P.2d 1252 (Colo.1986).

█ The jury demonstrated a fundamental misunderstanding of the difference between first and second degree sexual assault and received no clarification other than being referred back to the instructions. A jury should be referred back to the instructions only when it is apparent that it has overlooked some portion of the instructions or when the instructions clear-

ly answer its inquiry. *Leonardo v. People, supra.*

We conclude the trial court erred by failing to respond adequately to the jury's first question regarding the difference between first and second degree sexual assault. The demonstrated misunderstanding on this issue required further instruction by the court, as opposed to the second question which was adequately answered by reference to the instructions.

The prosecution argues that the doctrine of invited error precludes review of defendant's allegation. We disagree.

█ Under the doctrine of invited error, a party may not complain if he has been the instrument for injecting error into the case, and the invited error doctrine applies to jury instructions. *People v. Zapata*, 779 P.2d 1307 (Colo.1989). Contrary to the prosecution's contention, the record does not indicate that the defendant's tendered elemental instruction on second degree sexual assault, based on COLJI–Crim. No. 12:05 (1990 Supp.), was the instruction which was given to the jury. Although we note that had the trial court given defendant's tendered instruction, the confusion would not have been avoided. However, the inadequacy of COLJI–Crim. No. 12:05 (1990 Supp.) did not become apparent until the jury indicated its inability to distinguish between first and second degree sexual assault. Here, the trial court's failure to clarify the jury's confusion, rather than the inadequacy of the instruction per se, requires reversal. Thus, the doctrine of invited error does not apply.

The court's use of the suggested pattern jury instruction here, when considered in the light of the jury's inquiry, is sufficient to cast serious doubt upon the reliability of the judgment of conviction. *See Wilson v. People*, 743 P.2d 415 (Colo.1987).

█ A court should give an instruction permitting the jury to find a defendant not guilty of the principal charge and guilty of a lesser charge if the evidence could support such a finding. *People v. Saars*, 196 Colo. 294, 584 P.2d 622 (1978). Thus, if a lesser included offense instruc-

tion is given, the court must take adequate measures to insure that the jury understands the difference between the principal charged offense and the lesser included offense. And if, as here, the instructions given do not adequately distinguish between those offenses, the court's failure to clarify the differences by further instructions constitutes plain error. We further conclude that COLJI–Crim. No. 12:05 (1990 Supp.) is insufficient to apprise the jury of the differences between first and second degree sexual assault, and accordingly, the conviction for first degree sexual assault must be reversed.

If this cause is retried, the jury must be instructed in the elemental instruction for second degree sexual assault that the specific means of perpetrating first degree sexual assault should not be present.

Paragraph 5 of the instruction should read:

"(5) by any means other than those set forth in Instruction No.     defining sexual assault in the first degree, but of sufficient consequence reasonably calculated to cause submission against the victim's will."

## II.

Defendant further maintains the prosecution's statements during voir dire improperly commented on the defendant's right to remain silent. We have reviewed the record in this regard and find this contention is without merit. *See People v. Cornelison,* 44 Colo.App. 283, 616 P.2d 173 (1980).

The judgment of conviction for second degree burglary is affirmed, the judgment of conviction for first degree sexual assault is reversed, and the cause is remanded. Because the evidence and verdict at a minimum supports a conviction for the lesser included offense, at the prosecution's discretion a judgment of conviction and sentence may be entered for sexual assault in the second degree, or defendant may be retried on the charge of sexual assault in

the first degree. *See Crespin v. People,* 721 P.2d 688 (Colo.1986).

RULAND and DUBOFSKY, JJ., concur.