**The PEOPLE of the State of Colorado, Plaintiff–Appellee,**

v.

**Willie DUNTON, Defendant–Appellant.**

**No. 92CA0210.**

Colorado Court of Appeals, Div. IV.

Feb. 24, 1994.

As Modified on Grant of People's Petition for Rehearing March 24, 1994.

Dunton's Petition for Rehearing Denied March 24, 1994.

Certiorari Granted Oct. 11, 1994.

Gale A. Norton, Atty. Gen., Raymond T. Slaughter, Chief Deputy Atty. Gen., Timothy M. Tymkovich, Sol. Gen., Clement P. Engle, Sr. Asst. Atty. Gen., Denver, for plaintiff-appellee.

David F. Vela, State Public Defender, Martin Gerra, Deputy State Public Defender, Denver, for defendant-appellant.

Opinion by Judge RULAND.

Defendant, Willie Dunton, appeals from a judgment of conviction entered upon a jury verdict finding him guilty of first degree sexual assault. We affirm.

If the evidence is viewed in a light most favorable to the jury's verdict, the record reflects that the victim, 15 years of age, met defendant at a swimming pool in an apartment complex. The following day, the victim was again at the swimming pool with a 5–year–old cousin. The cousin ran away from the pool and toward the apartments.

The victim walked by defendant's apartment in search of her cousin and encountered defendant in the apartment doorway. Defendant grabbed the victim and pulled her into the apartment and locked the door. The victim unlocked the door and opened it, but defendant again closed and locked the door.

Defendant then pushed the victim down on the couch and, with one of his hands, forcefully held the victim's hands above her head. The victim was crying and indicated to defendant that she did not consent to his conduct. However, he proceeded to have sexual intercourse with her. Other than verbally indicating non-consent, the victim did not resist.

Following the assault, the victim returned to her aunt's apartment and ultimately reported the incident.

At the time of his arrest, defendant stated to the investigating officers that the victim had indicated "no" prior to the assault but that her body language indicated that she did wish to have intercourse with him.

With reference to the elements of the crime of first degree sexual assault, and consistent with § 18–3–402(1), C.R.S. (1986 Repl.Vol. 8B), the jury was instructed:

(1) That the Defendant ... (3) knowingly, (4) inflicted sexual penetration on a person, and (5) caused submission of that person, (6) through the actual application of physical force or physical violence....

Relative to the term "knowingly," the jury was further instructed:

A crime is committed when the defendant has committed a voluntary act prohibited by law accompanied by a culpable mental state. Voluntary act means an act performed consciously as a result of effort or determination. Culpable mental state means 'knowingly', as explained in this instruction. Proof of the commission of the act alone is not sufficient to prove that the defendant had the required culpable mental state. The culpable mental state is as much an element of the crime as the act itself and must be proven beyond a reasonable doubt, either by direct or circumstantial evidence.

A person acts 'knowingly' with respect to conduct or to a circumstance described by a statute defining an offense when he is aware that his conduct is of such nature or

that such circumstance exists. A person acts 'knowingly' with respect to a result of his conduct when he is aware that his conduct is practically certain to cause the result.

## I.

Relying upon *Chambers v. People,* 682 P.2d 1173 (Colo.1984), defendant contends that the trial court erred in ruling prior to closing argument that the prosecution was not required to prove that defendant was aware of the victim's non-consent. Defendant further asserts that the error was compounded by the court's additional ruling that defense counsel could not argue to the jury that defendant was unaware that the victim had not consented.

Relying upon *People v. Smith,* 638 P.2d 1 (Colo.1981) and *People v. Shields,* 822 P.2d 15 (Colo.1991), however, the prosecution responds that the trial court's ruling was correct. We agree with the prosecution.

In addressing the constitutionality of the second degree sexual assault statute in *Smith,* our supreme court stated:

As with first-degree sexual assault, the core conduct prohibited by the second-degree sexual assault statute is knowing sexual penetration on a non-consenting victim. The first-degree sexual assault statute prohibits conduct which by its very nature negates the existence of the victim's consent. In order to constitute first-degree sexual assault, a victim's submission to sexual penetration must be caused by a defendant's use of 'physical force[']. . . . *The victim's submission under such circumstances hardly can be deemed consensual.*

*People v. Smith, supra,* 638 P.2d at 4 (emphasis supplied).

Again, in footnote 7 of the opinion, the court noted:

Although, as with the crime of first-degree sexual assault, the actor need not know that the victim in fact submits nonconsensually . . . the actor must be aware that his or her conduct is sufficient in character and degree to be likely to cause nonconsensual submission.

On the other hand, in *Chambers,* in addressing the sufficiency of an incomplete instruction defining "knowingly" for purposes of defendant's conviction of first degree sexual assault, the court observed:

The offense of first degree sexual assault requires that the actor have an awareness of his conduct and of the circumstance of the nonconsent of his victim. . . .

. . . .

However, the technical deficiency resulting from failure to advise the jury specifically that the actor must be aware of the victim's nonconsent did not affect the defendant's substantial rights. The incomplete instruction merely directed the jury's attention to the resulting nonconsensual submission of the victim to sexual penetration rather than to the separate circumstance of nonconsent.

*Chambers v. People, supra,* 682 P.2d at 1178–79.

Viewed in isolation, the opinions in *Smith* and *Chambers* appear to be in conflict. In reconciling that conflict, we look first to *People v. Derrera,* 667 P.2d 1363 (Colo.1983) which was quoted with approval in *Chambers.*

There, the supreme court addressed the term "knowingly" as that term was then defined in the Colorado Criminal Code. *See* Colo.Sess.Laws 1971, ch. 121, § 40–1–601(7). In the course of its discussion, the court held that there were three components to the concept of "knowingly," namely, conduct, circumstance, and result. With reference to the crime of second degree sexual assault, the court stated:

Similarly, a second-degree sexual assault involves all three components of 'knowingly': conduct (the physical act of causing submission), circumstance (using means of sufficient consequence reasonably calculated to cause submission), and result (sexual penetration or intrusion).

*People v. Derrera, supra,* 667 P.2d at 1368.

Later in *People v. Shields, supra,* the court approved the type of elements instruction given in this case which did not include proof

by the prosecution of defendant's awareness of the victim's non-consent.

■ Based upon the foregoing and the facts in this case, we conclude that if, as here, the jury is properly instructed on both the elements of the offense and the term "knowingly," the proper focus of the jury's consideration is whether defendant knowingly caused submission of the victim by the application of physical force or violence. *See People v. Smith, supra; Cf. People v. Derrera, supra.* Under such circumstance, defendant's awareness of the victim's non-consent is neither an element of the offense nor a topic for argument to the jury. Hence, we find no error in the court's ruling.

## II.

Defendant also contends that the prosecutor's alleged prejudicial remarks during closing argument, either considered alone or in combination with the alleged error addressed above, denied him his right to a fair trial and due process. We are not persuaded.

■ During closing argument, the prosecutor stated in accordance with the trial court's ruling, "I don't have to show you or prove to you that the defendant did not know that she did not consent." However, for the reasons stated, these remarks did not constitute improper comment.

The defendant further contends that the prosecution improperly advanced a form of the "golden rule" argument, which invited the jurors to imagine themselves in the place of the victim.

■ The prosecution is entitled to argue all reasonable inferences from the facts in evidence, *People v. Constant,* 645 P.2d 843 (Colo.1982), *cert. denied,* 459 U.S. 832, 103 S.Ct. 73, 74 L.Ed.2d 72 (1982), and may, with propriety, comment on how well and in what manner a witness measures up to the tests of credibility set forth in the instructions. *People v. Lucero,* 677 P.2d 370 (Colo.App.1983), *cert. dismissed,* 706 P.2d 1283 (Colo.1985).

Having reviewed the record in this respect, we conclude that to the extent that the challenged comments exceeded the scope of proper comment upon credibility, the isolated improprieties here could not have affected the verdict. *See People v. Carrier,* 791 P.2d 1204 (Colo.App.1990).

The judgment is affirmed.

STERNBERG, C.J., concurs.

JONES, J., specially concurs.

Judge JONES specially concurring.

I write separately to concur with the result. I believe that the merits of defendant's contention concerning consent need not be examined by us because the record plainly reflects that the defendant was aware of the victim's non-consent. Shortly after the incident, he told a police officer that the victim "said, 'No,' a couple of times...." Notwithstanding her alleged body language thereafter, the record does not reveal to me which part of the "no" defendant did not understand.

Were it not for my view of the record here, however, I would feel the need to express disagreement with the majority opinion concerning what is required instructionally under our Supreme Court's opinions in *People v. Shields,* 822 P.2d 15 (Colo.1991); *Chambers v. People,* 682 P.2d 1173, 1179 (Colo.1984); and *People v. Smith,* 638 P.2d 1 (Colo.1981).

I believe that the *Smith* case and the *Shields* case are distinguishable from this case such that they may not be applied here. Furthermore, *Chambers v. People, supra,* at 1179 seems to me clearly to indicate that the jury must be advised "specifically that the actor must be aware of the victim's non-consent...."

Under these circumstances, if I were to consider the merits of defendant's contention, I would hold that, because of the way in which the Supreme Court has interpreted the sexual assault statutes, the rule of lenity would mandate that the rubric of *Chambers v. People, supra,* be applied to the defendant's benefit here. *See People v. Lowe,* 660 P.2d 1261 (Colo.1983).