# ERNEST TURNER v. STATE OF MARYLAND

[No. 1475, September Term, 1982.]

*Decided July 11, 1983.*

The cause was submitted on briefs to LOWE, WEANT and ADKINS, JJ.

Submitted by *Louis P. Willemin, Assistant Public Defender,* and *Alan H. Murrell, Public Defender,* for appellant.

Submitted by *Jillyn K. Schulze, Assistant Attorney General, Stephen H. Sachs, Attorney General, Kurt L. Schmoke, State's Attorney for Baltimore City,* and *Richard Scher, Assistant State's Attorney for Baltimore City,* for appellee.

WEANT, J., delivered the opinion of the Court.

On 7 and 8 June 1982, the appellant, Ernest Turner, was tried by a jury in the Criminal Court of Baltimore wherein he was acquitted of the charge of assault with intent to maim and convicted of assault. On 2 July 1982, he was sentenced to a term of ten years, promptly generating this appeal with the following questions being presented:

1. Did the trial court err in prohibiting Appellant from explaining that a prior conviction was the result of a guilty plea?

2. Did the court's instructions to the jury contain plain error material to Appellant's rights?

3. Did the trial court err in imposing sentence for an offense of which Appellant had not been convicted?

4. Was the evidence insufficient to sustain Appellant's conviction?

1.

During cross-examination of the appellant, the prosecutor extracted from the appellant the fact that he had previously been convicted of robbery. On re-direct examination of the appellant by his counsel, the following colloquy occurred:

BY MR. QUISGARD:

Q When you were 16, you pled guilty to that robbery or have a trial?

MR. SCHER: Objection, Your Honor.

THE COURT: I'll sustain the objection. Strike it.

MR. QUISGARD: Your Honor, for the record, let's approach the bench.

(Whereupon, counsel approached the bench and the following conference ensued:)

MR. QUISGARD: He's the proud possessor of the certified copy of the docket entry. It says he pleaded guilty.

MR. SCHER: I am going to ask — Mr. Quisgard knows it's properly admissible.

THE COURT: The only question, it's a conviction. Doesn't make a difference whether it's a guilty plea.

MR. QUISGARD: It bears on his credibility. He did wrong and admitted it.

MR. SCHER: You can't go beyond the conviction.

Turner now professes that this ruling was error on the part of the trial judge. He argues that, because the witness' prior conviction was introduced for the purpose of impeaching his credibility, he is entitled to counteract this attack by evidence establishing good character. Defense counsel contends that "If Appellant had admitted his involvement in the prior offense by pleading guilty in those proceedings, that fact would certainly go toward establishing his good character for truth." We do not see things that way.

Had the trial judge allowed the proposed question regarding the guilty plea to be answered, we might in this case be faced with the doctrine of "curative admissibility" discussed in the matter of *Robinson v. State,* 53 Md. App. 297, 452 A.2d 1285 (1982). Nonetheless, we think the quote in *Robinson,* taken from *Middleton v. United States,* D.C. App., 401 A.2d 109 (1979), to be apposite. This Court said in considering *Middleton, supra,* 53 Md. App. at 305, that

> it is *not* permissible, however, for a defendant to contrast a guilty plea in a prior case with his defense of the instant case, for that bears not on his credibility, but rather tends "to create an inference of innocence with respect to the charges in the present case" . . . . [Emphasis in original.]

The Court went on to say in *Middleton, supra,* 401 A.2d at 126, that:

> The fact and circumstances of appellant's guilty plea to an unrelated prior offense have little if any bearing on the issue of his present credibility. Trial

> counsel's transparent attempt to use appellant's self-serving explanation of the previous episode to buttress his account of the instant robbery was improper.

Admittedly, the defendant is privileged to explain the circumstances of a conviction, so long as he does not attempt to show he was not guilty of the offense after he had been impeached by evidence of a prior conviction. *Brooks v. State,* 24 Md. App. 334, 343, 330 A.2d 670, *cert. denied,* 275 Md. 746 (1975). However, there is no explanation contained in a guilty plea. The circumstances are not even mentioned. Obviously, the appellant is trying to establish the illusion that he always pleads guilty when, in fact, he is guilty and, of course, would have done so in this case. Because he did not, it follows that he is not guilty of the charges in the case *sub judice.* If this practice is to be sanctioned by this Court, we may look forward to an argument on the part of the prosecutor that the State should be allowed to show that in a previous case, although the appellant pled not guilty, he was found to be guilty. We think it no more permissible for the appellant to use a previous guilty plea to an unrelated offense on the issue of his present credibility than it is for the prosecutor, in an attempt to show the defendant's dishonesty, to point out that upon a prior occasion the defendant had been found guilty in spite of the fact that he had pled not guilty. It is doubtful that the appellant would consider such a trade-off as being encompassed by the adage that "turn about is fair play." It seems to us that there are too many reasons, other than his avowed honesty, for one charged with a crime to plead guilty, *e.g.,* by reason of a plea bargain or being faced with overwhelming evidence against him, to allow the jury to be faced with the inference that the defendant is not guilty by reason of the fact that his good conscience would not allow him to plead otherwise were it not so. We see no error on the part of the trial court in its ruling on this matter.

## 2.

Although these contentions were not preserved by objection on the part of the appellant, he urges that we entertain them because the court's instructions to the jury contained plain error. He first attacks the trial court's instruction on the concept of "reasonable doubt." It seems that the appellant complains because the instruction in question does not contain the term "without hesitation." We have examined the record regarding this allegation as to the "materiality of the error in the context in which it arose, giving due regard to whether the error was really technical, the product of conscious design or trial tactics or the result of bald inattention," and conclude that in light of these factors that the error, if any there was, is not plain error "vitally affecting his right to a fair and impartial trial," and therefore does not justify our intervention under Rule 757 h. *State v. Hutchinson,* 287 Md. 198, 202-03, 411 A.2d 1035 (1980).

The appellant is also critical of the instruction which advised the jury that "a man is presumed to intend the natural consequences of his acts and this is the law as to assault, assault with intent to maim and the ingredients of those various offenses." He alleges, and properly so, that the Supreme Court in *Sandstrom v. Montana,* 442 U.S. 510, 424, 99 S.Ct. 2450, 2459 (1979), has declared such an instruction to be unconstitutional.[1] In the case *sub judice* a review of the record indicates that this particular instruction was given only as it relates to "assault with intent to maim." As Turner was acquitted of this crime and convicted solely of assault, whatever error that might have existed, was cured by the jury's finding of not guilty. There was no plain error in this particular.

We therefore hold that, because these alleged errors were not objected to by the appellant or considered by the trial

---

[1]. The Supreme Court did not consider the question of whether such an instruction could be harmless error. A constitutionally sound instruction would read: "one may *infer* that a man intended the natural consequences of his acts, etc."

court, they were not preserved for our review and we shall not entertain them further. Rule 757 f, h, and Rule 1085.

### 3.

An examination of the record reveals that this issue is not preserved for our review and we shall decline to do so. Md. Rule 1085.

### 4.

This contention, having been raised at the express request of the appellant, has caused us to review the record. In our view there is more than sufficient evidence, if believed by the jury, to sustain the convictions handed down by that body.

*Judgment affirmed.*
*Costs to be paid by the appellant.*