482 A.2d 869

Ernest **TURNER**

v.

**STATE of Maryland.**

**No. 104, Sept. Term, 1983.**

Court of Appeals of Maryland.

Oct. 23, 1984.

Louis P. Willemin, Asst. Public Defender, Baltimore (Alan H. Murrell, Public Defender, Baltimore, on the brief), for appellant.

Jillyn K. Schulze, Asst. Atty. Gen., Baltimore (Stephen H. Sachs, Atty. Gen., Baltimore, on the brief), for appellee.

Argued before MURPHY, C.J., ELDRIDGE, COLE, DAVIDSON,* RODOWSKY and COUCH, JJ., and W. AL-BERT MENCHINE, Associate Judge of the Court of Special Appeals (retired), Specially Assigned.

MURPHY, Chief Judge.

A jury in the Criminal Court of Baltimore convicted Ernest Turner of simple assault; it acquitted him of the crime of assault with intent to maim. The trial judge imposed a ten-year sentence. The judgment was affirmed on appeal to the Court of Special Appeals. *Turner v. State,* 55 Md.App. 367, 462 A.2d 70 (1983). We granted certiorari upon Turner's petition to determine whether the trial judge erred (1) in refusing to admit evidence that Turner's prior conviction of robbery, adduced by the State to impeach his credibility as a witness in his own behalf, was based upon his plea of guilty, and (2) in imposing sentence.

(1)

Turner does not contest the admissibility of his prior conviction for the purpose of impeaching his credibility. *See Ricketts v. State,* 291 Md. 701, 702–714, 436 A.2d 906 (1981). On re-direct examination, however, his counsel asked him whether he had "pled guilty to that robbery or [had] a trial." The trial judge sustained an objection by the prosecutor. At a bench conference defense counsel said that a certified copy of the docket entries showed that Turner had pleaded guilty. The judge asserted: "The only question, it's a conviction. Doesn't make a difference whether it's a guilty plea." Defense counsel replied, "It [the guilty plea] bears on his credibility. He did wrong and he admitted it." The prosecutor insisted that "[y]ou can't go beyond the conviction."

█ We said in *Ricketts v. State, supra,* 291 Md. at 703, 436 A.2d 906, that

---

* Davidson, J., participated in the hearing and in the conference of the case in regard to its decision, but because of illness did not take part in the adoption of the opinion.

in our system of criminal justice every defendant has the right to testify in his own defense. Equally fundamental to the system is the right of the State to cross-examine such defendant and impeach him, if it can, as to the truthfulness of his testimony. The evidentiary tool the State customarily uses to attack the defendant's credibility is evidence of his prior convictions. *The only details ordinarily allowed to be presented to the jury are the nature of the charge and the fact of conviction.* (Emphasis supplied.)

The fact of a properly admissible prior conviction is introduced for the limited purpose of impeachment. "The purpose in admitting such evidence is to assist the factfinder in measuring the credibility of the defendant," *id.*, that is, to evaluate his truthfulness. The relevant point in time is the time of trial. The issue is whether the defendant is truthful as to the testimony he is then giving, and his truthfulness *vel non* relates only to that time. *See* E. Imwinkelried, P. Gianelli, F. Gilligan & F. Lederer, *Criminal Evidence*, 43–47 and 101 (1979).

 There are a number of reasons which may properly influence a defendant to plead guilty. For example, the plea may be a product of negotiation in which other more serious charges are not prosecuted. Or it may be the result of the defendant being faced with overwhelming evidence of guilt of such a nature that detailed proof at trial would be disadvantageous to him. Or the defendant may hope for leniency in sentencing by reason of the plea.[1] Or the defendant may seek other concessions from the prosecution or the court properly to be granted in exchange for a plea of guilty. Thus, the fact that Turner pleaded guilty at a prior trial to robbery is simply not relevant or material to

---

1. Of course, "a price may not be exacted nor a penalty imposed for exercising the fundamental and constitutional right of requiring the State to prove, at trial, the guilt of [a defendant] as charged." *Johnson v. State,* 274 Md. 536, 543, 336 A.2d 113 (1975). *See Corbitt v. New Jersey,* 439 U.S. 212, 99 S.Ct. 492, 58 L.Ed.2d 466 (1978).

the question of whether he told the truth in his testimony giving his version of the facts and circumstances surrounding the offenses charged in the instant case.[2] For evidence, otherwise competent, to be admissible, it must be relevant and material. *Huffington v. State,* 295 Md. 1, 14, 452 A.2d 1211 (1982), quoting *Hepple v. State,* 31 Md.App. 525, 534, 358 A.2d 283 (1976), *aff'd, State v. Hepple,* 279 Md. 265, 368 A.2d 445 (1977). It is the conviction which is relevant to the jury's determination of credibility, not the manner in which that conviction was reached. We agree with the court in *Commonwealth v. Washington,* 274 Pa.Super. 560, 566, 418 A.2d 548 (1980) that

> [t]he reception of plea evidence would introduce a collateral issue which could only confuse a jury. The relevance is the former adjudiciation of guilt upon the acceptance of the plea, and not the reasons for making a plea in the first instance.

*United States v. Bray,* 445 F.2d 178, 181 (5th Cir.1971), quoted in *State v. Lee,* 536 S.W.2d 198, 199–200 (Mo.App. 1976) as "particularly felicitous," put it this way:

> The probative fact is not whether [the defendant] denied or admitted committing the offense for which he was convicted, but whether he committed the offense at all.... That [the defendant] pled guilty to the prior offenses, of course, does not change the fact that he was found guilty of committing those offenses. Moreover, a guilty plea is often as much a result of an accused's

---

**2.** Impeachment by proof of a prior conviction is to be distinguished from evidence of the reputation of a defendant for truth and veracity and from the opinion of a third party as to that character trait as possessed by a defendant. *See* Maryland Code (1974, 1984 Repl.Vol.), § 9–115 of the Courts and Judicial Proceedings Article; *Kelley v. State,* 288 Md. 298, 301–302, 418 A.2d 217 (1980); *Durkin v. State,* 284 Md. 445, 449, 397 A.2d 600 (1979); *Taylor v. State,* 278 Md. 150, 155, 360 A.2d 430 (1976).

It is apparent that the prior conviction of an infamous crime reflects neither the reputation of a defendant for truth and veracity nor the opinion of a third person as to that trait.

realistic assessment of his chances to be acquitted should he go to trial as it is a result of any altruistic motive to "come clean."

■ We conclude that the Court of Special Appeals correctly determined that the trial judge did not err in refusing to admit evidence that the impeaching conviction was upon a plea of guilty.

(2)

■ As earlier observed, the case went to the jury on the charges of assault with intent to maim and simple assault. Turner was found not guilty of committing the greater offense, assault with intent to maim, but guilty of the lesser included offense, simple assault, for which a ten-year sentence was imposed. Turner claims that the sentence actually imposed upon him was for the offense of assault with intent to maim and that he "cannot properly be sentenced for a crime of which he was acquitted." Of course, if Turner's premise is sound, his conclusion is correct.[3]

The maximum sentence prescribed by the Legislature upon conviction of assault with intent to maim is ten years. Maryland Code (1957, 1982 Repl. Vol.) Art. 27, § 386. The Legislature, however, has not established a penalty for simple assault, a common law crime, and until *Simms v. State*, 288 Md. 712, 421 A.2d 957 (1980) the only limitation upon the number of years of imprisonment upon conviction of that offense was ordinarily the constitutional prohibitions

---

3. The Court of Special Appeals did not decide the question. Invoking Maryland Rule 1085, it held that the issue was not preserved for review. *Turner v. State*, 55 Md.App. 367, 372, 462 A.2d 70 (1983). But a trial judge would have no power to impose a sentence on a crime for which a defendant had not been convicted. Rule 885, applicable to this Court, and Rule 1085, applicable to the intermediate court, do not serve to permit a refusal to review this issue even though not tried and decided by the trial court.

against cruel and unusual punishment. *Id.* at 714, 421 A.2d 957. In *Simms,* however, we held

> That when a defendant is charged with a greater offense and a lesser included offense based on the same conduct, with jeopardy attaching to both charges at trial, and when the defendant is convicted only of the lesser included charge [all of which was the situation in the case before us], he may not receive a sentence for that conviction which exceeds the maximum sentence which could have been imposed had he been convicted of the greater charge. *Id.* at 724, 421 A.2d 957.

Thus, if Turner was indeed sentenced on the conviction of simple assault, the ten-year sentence was permissible as it did not exceed the maximum sentence prescribed for the greater offense.

At the sentencing stage of the trial, the court addressed Turner:

> Mr. Turner, I have already ruled on the case itself. I denied the motion for a new trial. I did not feel that the verdict was against the evidence. I denied the motion for new trial because I do not feel the verdict was against the weight of the evidence or there was insufficient law to sustain the verdict. The jury heard the case, twelve members of that jury, and they unanimously agreed as to their finding in that case. They brought back this finding in the case and under the law they had two counts to consider. They found you not guilty in one and guilty of the other. *The Court, I believe, is bound to sentence you for assault with intent to maim.* I did not reach the decision of guilty. The jury did in fact reach the decision of guilty. I did not feel the jury was improper or incorrect in their verdict. It is in for sentencing at this time.
>
> I have reviewed your record. You have an extensive record as far as violence is concerned. In '77 you were given five years for assault and robbery, an assaultive

type of crime. A few years later you are found guilty of the same type of assaultive crime, common law assault. Three months after that you are found guilty again of common law assault. Two years later you are found guilty of assault. And now you are found guilty again of the same crime, which shows this Court that you do have the assaultive type nature and you are a danger to society. This person was cut with a knife and has permanent damage.

Based on the events, based on the trial itself, and the verdict, the Court will impose a sentence of ten years to the Department of Correction. I will give you credit for all the time you served. (Emphasis supplied.)

Turner focuses on the emphasized portion of the sentencing judge's comments to support his contention. The State suggests that what the judge, cognizant of the *Simms* holding, obviously meant by his statement that he was "bound to sentence you for assault with intent to maim" was that in the light of Turner's extensive record of violent crimes against the person, the proper sentence was the maximum authorized for the greater offense. The court's remarks, following the comment on which Turner relies, tend to support the State's argument, i.e., the trial judge, after noting that Turner had been convicted of common law assault on three prior occasions, said: "And now you are found guilty again of the same crime ...." It is apparent that the trial judge was fully aware that Turner was convicted only of the offense of simple assault but on the record before us, we are simply unwilling to conclude that the sentence actually imposed was based solely upon the commission of that offense.

JUDGMENT AFFIRMED, EXCEPT AS TO SENTENCE; SENTENCE VACATED AND CASE REMANDED TO THE CRIMINAL COURT OF BALTIMORE FOR A NEW SENTENCING HEARING. EACH PARTY TO PAY OWN COSTS.