COMMONWEALTH *vs.* DAVID CAMERON. No. 90-P-108. September 12, 1991. *Alibi. Witness,* Impeachment. *Evidence,* Prior convictions. *Constitutional Law,* Assistance of counsel. *Practice, Criminal,* Sentence.

The defendant appeals from convictions of assault with intent to rape and rape, alleged to have taken place between 8:30 P.M. or 9:00 P.M., when the victim, nineteen years old, asked the defendant, previously unknown to her, for a ride to the house where her cousin was babysitting, and approximately 11:30 P.M., when, according to the victim's account, the defendant dropped her off at her aunt's house. The victim testified to several instances of forcible rape and a long drive, together lasting over two hours; the defendant denied any sexual activity and claimed to have dropped her off at roughly 9:45 P.M., then driven home where he went to bed by 10:20 P.M. His wife, who had been out, testified that she returned home around 10:30 P.M. and that he was there. This was corroborated by a friend. The victim's account, as to time of arrival home, was confirmed by her aunt and her cousin, who had been driven home from her babysitting job at about 11:15 P.M. and claimed to have observed the victim and the defendant sitting in the defendant's car. The victim was somewhat corroborated by contents of the defendant's car: most particularly, by vomit on the rear seat (the victim told the police she vomited after forced fellatio), the presence of which the defendant was unable to explain.

1. The defendant's counsel filed a "statement of alibi," signed by the defendant, apparently to satisfy the requirement of Mass.R.Crim.P. 14(b)(1)(A), 378 Mass. 876 (1979). The statement included a sentence

wherein the defendant claimed that the victim "was seen partying in the West Rindge area . . . by 11:30 P.M." The prosecutor, in his cross-examination of the defendant, attacked that statement, contrasting it with the testimony of several witnesses about the victim's arriving home at that time and proceeding to the hospital and the police. The line of questioning had a pointless quality (the defendant not having claimed to have seen the victim partying) and was mercifully ended by the judge. The claim on appeal is that the filing of the statement exposed the defendant needlessly to impeachment, that it constituted ineffective assistance because the defendant was not, in ·effect, claiming alibi — only a different version of what transpired in the car that evening. An alibi is "testimony . . . tending to prove that the defendant was elsewhere at the time of the crime." *Commonwealth* v. *Ward*, 28 Mass. App. Ct. 292, 295 (1990). There was no suggestion here that someone else committed the rapes after the defendant dropped off the victim. But the damage that flowed from the filing of the statement was, in our view, negligible. However ardently the prosecutor pressed the point, the statement covering the party was patent hearsay that was, apparently, untrue. Logically it did not reflect on the defendant's own credibility. The remainder of the "statement of alibi" was consistent with the defendant's trial testimony.

2. The use of the statement by the prosecutor did not violate Mass.R.Crim.P. 14(b)(1)(F), 378 Mass. 877 (1979), which makes evidence of an intention to rely on an alibi, and statements made in connection with that intention, inadmissible if the evidence or statements are later withdrawn. The defendant's reading of the rule, based on a statement in *Commonwealth* v. *Edgerly*, 372 Mass. 337, 345 (1977), describing in rough outline the proposed notice-of-alibi rule a year before its actual promulgation, would read the words "later withdrawn" out of subsection (F). The purpose of the notice-of-alibi rule is to enable the prosecution to investigate a proposed alibi so as to meet it at trial. It would ill serve that purpose if a defendant, with impunity, could surprise the prosecution by switching the facts of his alibi at the trial. The same limitation (to alibis later withdrawn) appears in the Federal counterpart rule, Fed.R.Crim.P. 12.1(f), as amended, 105 F.R.D. 195 (1985).

3. After the Commonwealth impeached the defendant by introducing · four prior criminal convictions, the defendant's counsel was precluded from rehabilitating the defendant by bringing out the fact that in each instance the defendant had *pleaded* guilty (in contrast to the case on trial, where the defendant was contesting the charges). There was no error in the ruling. "It has long been the rule in this Commonwealth that, once a record of a witness's conviction of a crime has been introduced to impeach him, 'the conviction must be left unexplained' and thus the proponent of the witness may not undertake in rehabilitation of the witness to show the circumstances of the conviction." *Commonwealth* v. *Maguire*, 392 Mass. 466, 471 n.10 (1984), quoting from *Lamoureux* v. *New York, N.H. &*

H.R.R., 169 Mass. 338, 340 (1897). In effect, the defendant's counsel was trying to rehabilitate the defendant not by showing evidence of reputation for truth telling, which is permissible, *Gertz* v. *Fitchburg R.R.*, 137 Mass. 77, 79 (1884), but by showing prior instances of truth telling, which is not, *Davidson* v. *Massachusetts Cas. Ins. Co.*, 325 Mass. 115, 122-123 (1949).

4. The defendant's counsel did not argue at the sentencing stage of the trial, stating only that "we place ourselves at the mercy of the court." The failure to make any argument constituted ineffective assistance of counsel. *Commonwealth* v. *Lykus*, 406 Mass. 135, 144-146 (1989). "Sentencing is a critical stage of the criminal proceeding," *id.* at 145, quoting from *Gardner* v. *Florida*, 430 U.S. 349, 358 (1977), and the defendant is entitled to "the aid of counsel in marshaling the facts, introducing evidence of mitigating circumstances and in general aiding and assisting the defendant to present his case as to sentence. . . ." *Mempa* v. *Rhay*, 389 U.S. 128, 135 (1967). Here, as in *Commonwealth* v. *Mamay*, 407 Mass. 412, 425 (1990), the judge had previously heard some facts (or evidence thereof) about the defendant that could be considered in mitigation (his marriage, his young child, his employment), but there the defendant's counsel had made at least some argument at the sentencing stage. Here there was none. As in *Commonwealth* v. *Lykus*, "[w]e cannot say [comfortably] that this failure did not affect the sentences imposed." 406 Mass. at 146.

The sentences are vacated, and the case is remanded to the Superior Court for hearing and resentencing on the jury verdicts.

*So ordered.*

*Brownlow M. Speer*, Committee for Public Counsel Services, for the defendant.

*David R. Marks*, Assistant District Attorney, for the Commonwealth.