**The PEOPLE of the State of Colorado, Plaintiff–Appellee,**

v.

**David SUAZO, Defendant–Appellant.**

**No. 01CA2342.**

Colorado Court of Appeals, Div. II.

June 5, 2003.

Rehearing Denied July 24, 2003.

Certiorari Denied April 5, 2004.*

---

* Justice KOURLIS and Justice COATS would grant as to the following issues:

Whether the court of appeals construed CRE 803(2) too narrowly in determining that evidence was improperly admitted as an excited utterance, and, if the admission of the hearsay testimony was error, whether the court of appeals' analysis of harmless error was also too narrow under existing case law.

Whether the court of appeals incorrectly relied on *People v. Bossert*, 722 P.2d 998 (Colo. 1986), to suggest that the model jury instruction for harassment-stalking was incorrect.

Ken Salazar, Attorney General, Jennifer M. Smith, Assistant Attorney General, Denver, Colorado, for Plaintiff–Appellee.

David S. Kaplan, Colorado State Public Defender, Jud Lohnes, Deputy State Public Defender, Denver, Colorado, for Defendant–Appellant.

Opinion by Judge NEY.

Defendant, David Suazo, appeals the judgment of conviction entered on jury verdicts finding him guilty of obstructing a peace officer, first degree trespass, and harassment-stalking. We affirm in part, reverse in part, and remand for a new trial.

Defendant and the victim were involved in a relationship lasting approximately ten years, during which they had two children. In August 2000, defendant and the victim mutually decided to terminate the relationship.

On November 28, 2000, defendant called the victim at her work place forty times to ask her to lunch. During one phone call, defendant told the victim that he would kill her if she did not see him. After this phone call, defendant and the victim had several other contacts over a two-week period, which the victim described as "civil."

On December 14, 2000, as the victim arrived at her home, defendant ran up to her car, knocked on the window, and asked her to get out. The victim refused to leave the car and called the police from her mobile phone.

When the police arrived, defendant ran through the house and out the back door. After a brief chase, defendant was apprehended by police. Shortly after the apprehension, an officer interviewed the victim about her relationship with defendant.

## I.

Defendant contends that the evidence is insufficient to support his conviction for harassment-stalking because the prosecution failed to prove that: (1) defendant made a credible threat; and (2) defendant's contact with the victim was in connection with the threat. We disagree.

▪ We must determine whether, when taken as a whole and in the light most favorable to the prosecution, the evidence is sufficient to support a finding of guilt beyond a reasonable doubt. In applying this standard, we must give the prosecution the benefit of every reasonable inference that might fairly be drawn from the evidence. *Kogan v. People,* 756 P.2d 945 (Colo.1988).

### A.

▪ We conclude that, in applying the appropriate standards, the evidence supports the conclusion that there was a credible threat.

A "credible threat" is "a threat, physical action, or repeated conduct that would cause a reasonable person to be in fear for the person's safety or the safety of his or her immediate family or of someone with whom the person has or has had a continuing relationship." Section 18–9–111(4)(c)(II), C.R.S. 2002.

Here, defendant told the victim that he was going to kill her if she did not see him. When viewed in the light most favorable to the prosecution, this evidence is sufficient to support the finding that a credible threat was made.

### B.

▪ We also conclude that the evidence supports the conclusion that defendant's contact with the victim was in connection with this threat.

Conduct "in connection with" a credible threat includes "acts which further, advance, promote, or have a continuity of purpose, and may occur before, during, or after the credible threat." Section 18–9–111(4)(c)(I), C.R.S. 2002.

Here, defendant called the victim repeatedly on one day and threatened that he would kill her if she did not see him. Following this threat, defendant contacted the victim numerous times in person and by telephone and repeatedly asked to see her. Accordingly, when viewed in the light most favorable to the prosecution, a reasonable

jury could conclude that these later contacts shared a continuity of purpose with the threat. Thus, we conclude that the evidence is sufficient to support the finding that the contact was made in connection with a credible threat.

## II.

Defendant contends that the trial court erred in admitting certain testimony as an excited utterance and that this error was not harmless. We agree.

### A.

■ A trial court's ruling on the admission of evidence is reviewed for an abuse of discretion. *People v. Eppens,* 979 P.2d 14 (Colo. 1999).

To be admissible as an excited utterance, a statement must relate to a startling event or condition and be made while the declarant was under the stress of excitement caused by the event or condition. CRE 803(2); *see also People v. Dement,* 661 P.2d 675 (Colo.1983).

■ Here, an officer testified to the victim's statements to him concerning her relationship with defendant and the effect that the alleged harassment had on her ability to work. After objection, the trial court admitted the statements as an excited utterance because the interview took place shortly after the startling event of defendant's arrest. However, the statements did not relate to that startling event and instead related to events that had occurred weeks previously. Thus, we conclude that the trial court abused its discretion in admitting this testimony as an excited utterance.

### B.

We conclude that this error was not harmless.

■ We must examine the facts of the case to determine whether the error is harmless. *People v. Griffin,* 985 P.2d 15 (Colo. App.1998). An error is harmless if it does not substantially influence the verdict or affect the fairness of the trial proceedings. *People v. Dore,* 997 P.2d 1214 (Colo.App. 1999).

■ Here, the only part of the hearsay testimony not cumulative of the victim's testimony was:

Q: And that question is: Did she indicate whether this [defendant's phone calls and alleged threat] had an effect on what she [was] able to do day to day during the two-week period? . . .

A: She stated to me that it was affecting her day—her life on a daily basis, that she was intimidated and that she wasn't able to live a normal life due to the fear that she felt because of [defendant].

This testimony differs from the victim's testimony that she did not take defendant's threats seriously and that the contact between the two after the initial threat was civil. During closing argument, the prosecutor referred to the different versions of the incidents and asked the jury to conclude that the victim's statements as related by the officer were correct. Accordingly, this error cannot be considered harmless as to the harassment-stalking conviction. *See People v. Martinez,* 51 P.3d 1046 (Colo.App. 2001)(when evidence is central to case and referred to in closing argument, admission is not harmless). This error, however, is harmless as to the convictions on obstructing a peace officer and first degree trespass because this evidence relates only to the harassment-stalking charge.

Accordingly, we conclude that the case must be remanded to the trial court for a new trial on the harassment-stalking charge.

## III.

Because it may arise on remand, we address defendant's contention that the jury instruction for harassment-stalking was erroneous. We agree that the instruction should be corrected on retrial.

■ When an objection was raised at trial, we review the trial court's instruction under a harmless error standard. *People v. Garcia,* 28 P.3d 340 (Colo.2001).

A person is guilty of harassment-stalking if the person "knowingly . . . [m]akes a credible threat to another person and, in connection

with such threat, repeatedly follows, approaches, contacts, or places under surveillance that person." Section 18–9–111(4)(b)(I), C.R.S.2002.

The trial court instructed the jury, over defendant's objection, that the elements of harassment-stalking are "1. That the defendant . . . 3. Knowingly made a credible threat to [the victim], 4. And in connection with such threat, repeatedly followed, approached, or contacted [the victim]."

■ Here, the statute requires that defendant both knowingly make a credible threat and knowingly engage in conduct in connection with the threat. *See People v. Bossert,* 722 P.2d 998 (Colo.1986)("knowingly," when offset from other elements, modifies all succeeding conduct elements in an instruction). However, the instruction given by the trial court did not specify that this mens rea of knowingly was required for conduct in connection with the threat. Accordingly, we conclude that the trial court erred here, and, on remand, the trial court should instruct the jury that defendant must knowingly engage in conduct taken in connection with the threat.

### IV.

Defendant contends that the prosecutor's comments during closing argument deprived him of a fair trial. We disagree.

### A.

■ Defendant first contends that the trial court erred in permitting, over objection, the prosecutor to improperly denigrate defense counsel during closing argument by referring to "lawyer tricks and tactics" and the strategies of defense attorneys. We are not persuaded.

■ A trial court's ruling on the scope of closing argument will not be disturbed absent a gross abuse of discretion resulting in prejudice and a denial of justice. *People v. Holloway,* 973 P.2d 721 (Colo.App.1998).

■ The prosecution is afforded wide latitude in replying to argument by opposing counsel. *People v. Vialpando,* 804 P.2d 219 (Colo.App.1990).

Here, during his closing argument, defense counsel introduced the concept of "lawyer tricks" to which the prosecutor referred in his rebuttal argument. Accordingly, while we do not approve of the prosecutor's comments, we do not conclude that they are so severe as to require reversal.

### B.

Defendant next contends that certain comments by the prosecutor so prejudiced the jury as to deny him a fair trial. We again disagree.

■ The prosecutor offered both his personal opinion as to the veracity of the victim's statements and multiple potential rationales for her fabrication. The prosecutor also asked the jury to "send a message" to defendant.

■ If the prejudice created by a prosecutor's conduct is so great as to result in a miscarriage of justice, a new trial is warranted. *Harris v. People,* 888 P.2d 259 (Colo. 1995).

■ However, when a trial court sustains defense counsel's objection, the potential for jury prejudice is significantly diminished. *See People v. Griffith,* 58 P.3d 1111 (Colo. App.2002).

Here, the trial court sustained defendant's objections and did not permit the prosecution to continue these particular lines of argument. Accordingly, while we again do not approve of these comments, we cannot conclude that they prejudiced the jury to the extent that would result in a miscarriage of justice.

The judgments of conviction on the charges of obstructing a peace officer and first degree trespass are affirmed. The judgment of conviction on the harassment-stalking charge is reversed, and the case is remanded for a new trial on that charge.

Judge CASEBOLT and Judge WEBB, concur.