**The PEOPLE of the State of Colorado,**
**Plaintiff–Appellee,**

v.

**Joshua Anthony GOMEZ,**
**Defendant–Appellant.**

**No. 06CA1205.**

Colorado Court of Appeals,
Div. VI.

Sept. 4, 2008.

Rehearing Denied Oct. 9, 2008.

John W. Suthers, Attorney General, Laurie A. Booras, First Assistant Attorney General, Denver, Colorado, for Plaintiff–Appellee.

Douglas K. Wilson, Colorado State Public Defender, Alan Kratz, Deputy State Public Defender, Denver, Colorado, for Defendant–Appellant.

Opinion by Judge WEBB.

We conditionally affirm the judgment of conviction entered against defendant, Joshua Gomez, on a jury verdict finding him guilty of distribution of a Schedule II controlled substance in violation of section 18–18–405(1), (2)(a)(I)(A), C.R.S.2007. We remand for the trial court to conduct an evidentiary hearing on the validity of Gomez's waiver of his right to testify because we conclude that the court's advisement on this right was defective.

### I. Defective *Curtis* Advisement

Gomez first contends the trial court's advisement on his right to testify under *People v. Curtis*, 681 P.2d 504 (Colo.1984), was defective. We agree.

■ To ensure that a defendant's waiver of the right to testify is voluntary, knowing, and intentional, *Curtis* requires the trial court to advise the defendant on five factors: (1) that he has a right to testify, (2) that no one can prevent him from doing so, (3) that if he does testify then the prosecution may cross-examine him, (4) including questions about prior felony convictions, and (5) if such a conviction is disclosed to the jury then the jury will be instructed to consider it as bearing only on the defendant's credibility. *People v. Harding*, 104 P.3d 881, 885 (Colo.2005).

A trial court advisement need not conform to any prescribed litany or formula, but "the advisement given must include the *Curtis* elements *and* avoid misleading a defendant about the consequences of a decision not to testify." *People v. Chavez*, 853 P.2d 1149, 1152 (Colo.1993)(emphasis added).

"Except for informing a defendant concerning the prosecution's use of prior felony convictions, a trial court providing a *Curtis* advisement is not required to advise a defendant regarding all possible areas of cross-examination." *People v. Coit*, 961 P.2d 524, 529–30 (Colo.App.1997). If a court's advisement goes beyond the *Curtis* elements, how-

ever, it must "correctly state[ ] the law." *People v. Raehal*, 971 P.2d 256, 260 (Colo.App.1998)(*Curtis* advisement correctly stated limitations on admissibility of defendant's misdemeanor convictions).

Here, Gomez concedes that the trial court correctly advised him on the five *Curtis* elements. But the court went beyond *Curtis* and asked, "Do you further understand that the prosecutor may ask you whether the conviction was by guilty plea or whether you were found guilty at trial?" Gomez argues that this statement invalidated his waiver of his right to testify because it was legally incorrect. We agree the statement was incorrect, but conclude that further proceedings are required to determine validity of the waiver.

### A. Post–Conviction Proceedings

■ We first consider the Attorney General's argument that we should not address *Curtis* because "defendants need not and should not raise allegations of an invalid waiver on direct appeal of a conviction. Instead, such claims may be raised only in a post-conviction motion." *People v. Blehm*, 983 P.2d 779, 792 (Colo.1999). We reject this argument based on judicial economy. *See People v. Newton*, 966 P.2d 563, 570 fn. 8 (Colo.1998) (appellate court can apply legal test to uncontroverted evidence rather than remanding).

In *Harding*, 104 P.3d at 885, the supreme court explained:

[A] defendant's claim of an invalid waiver is best addressed in post-convictions proceedings rather than by direct appeal.... At this hearing, both parties may present relevant evidence not present in the trial record to establish the validity of the waiver.

. . .

Concerning what the defendant must establish at this hearing, we have rejected the suggestion that a defendant must prove he was prejudiced by an inadequate advisement in order to prevail ... the prosecution has the burden of proving that ... the defendant's waiver was valid despite the defective advisement.

(Internal citations and quotation marks omitted).

Here, in resolving a postconviction *Curtis* motion, the trial court would first determine from the record whether its advisement was defective .because it told Gomez that the prosecutor could cross-examine on whether his prior felony conviction was the result of a trial or a plea. *See Blehm*, 983 P.2d at 792. We would review that determination as a question of law. *Id.* Because it is a matter of first impression in Colorado, rather than remanding this issue we address it now. *Id.* (where a defendant "has raised a claim of invalid waiver in his direct appeal, the appellate court should determine the sufficiency of the trial court advisement. If the appellate court concludes that the advisement is deficient, the appellate court should remand the case for an evidentiary hearing.").

### B. Cross Examination on Conviction by Plea or Trial

 "When a defendant testifies, the trial court may not foreclose the use of the name, nature, and date of his prior felony convictions for impeachment purposes. Further examination into the details of prior convictions is within the trial court's discretion, provided that such details are relevant pursuant to CRE 401." *People v. Hardy*, 677 P.2d 429, 431 (Colo.App.1983) (citations omitted).

However, "it is immaterial whether guilt is established by a verdict of guilty, supported by a denial of a motion for new trial, or by a plea of guilty." *People v. Baca*, 44 Colo.App. 167, 170, 610 P.2d 1083, 1086 (1980); *see also People v. Vollentine*, 643 P.2d 800, 802 (Colo. App.1982) ("[W]e see no reason to distinguish, for impeachment purposes, between a guilty plea where sentence has not yet been imposed, and a guilty plea where sentence has not been imposed under a deferred sentencing stipulation.").

The parties cite no published Colorado case and we have found none directly resolving whether in impeaching a defendant the prosecutor could ask if the defendant's prior felony conviction resulted from a plea or a trial. The division's statement in *Vollentine*, 643 P.2d at 802, that "[e]vidence of a prior guilty plea, as evidence of a prior conviction, is admissible for impeachment purposes, regardless of whether a sentence has been imposed," concerned only the timing question of whether the conviction could be used to impeach before sentencing.

The Attorney General's reliance on *People v. Bueno*, 183 Colo. 304, 307, 516 P.2d 434, 435 (1973), is misplaced. In *Bueno*, the court said, "the record discloses no detailed cross-questioning concerning the facts involved in appellant's prior conviction ... The district attorney asked only if appellant had pled guilty to the charge." But the opinion does not indicate that the defendant challenged this aspect of the cross-examination, and it has never been cited to support such an inquiry.

The majority of jurisdictions to address this question have concluded that whether the felony conviction arose from a plea or a trial is not relevant to its impeachment value. *See United States v. Harris*, 738 F.2d 1068, 1073 (9th Cir.1984) (that conviction rested on a guilty plea rather than verdict not relevant on issue of defendant's credibility); *United States v. Bray*, 445 F.2d 178, 181 (5th Cir. 1971)("The probative fact is not whether he denied or admitted committing the offense for which he was convicted, but whether he committed the offense at all . . . ."); *Turner v. State*, 301 Md. 180, 482 A.2d 869, 871 (1984)("It is the conviction which is relevant to the jury's determination of credibility, not the manner in which that conviction was reached."); *Commonwealth v. Cameron*, 31 Mass.App.Ct. 928, 577 N.E.2d 1016, 1018 (1991)("once a record of a witness's conviction of a crime has been introduced to impeach him, the conviction must be left unexplained"); *State v. Lee*, 536 S.W.2d 198, 199 (Mo.Ct.App.1976) (the fact that the defendant pleaded guilty to a criminal charge is not relevant); *Commonwealth v. Washington*, 274 Pa.Super. 560, 418 A.2d 548, 551 (1980)("[I]t is the conviction which is relevant to the jury's determination of credibility ... the reception of plea evidence would introduce a collateral issue which could only confuse a jury."); *but see Johnson v. State*, 679 So.2d 791, 792 (Fla.Dist.Ct.App.1996)(allow-

ing plea evidence when offered by the defendant for rehabilitation purposes).

As explained in *Turner*, 482 A.2d at 871: There are a number of reasons which may properly influence a defendant to plead guilty. For example, the plea may be a product of negotiation in which other more serious charges are not prosecuted. Or it may be the result of the defendant being faced with overwhelming evidence of guilt of such a nature that detailed proof at trial would be disadvantageous to him. Or the defendant may hope for leniency in sentencing by reason of the plea. Or the defendant may seek other concessions from the prosecution or the court properly to be granted in exchange for a plea of guilty. Thus, the fact that [the defendant] pleaded guilty at a prior trial ... is simply not relevant or material to the question of whether he told the truth in his testimony giving his version of the facts and circumstances surrounding the offenses charged in the instant case.

We agree with this reasoning. *Cf. Allen v. Martin*, 203 P.3d 546 (Colo.App. 2008)(guilty plea does not limit res judicata effect of conviction in later civil action).

Therefore, we conclude that in cross-examining a defendant, the prosecutor may not ask whether a prior felony conviction arose from a plea or a trial. Although some of the out-of-state cases cited above hold that a defendant who has been impeached by such a conviction may not bring out the fact of a plea on redirect, because that precise issue is not before us we decline to address it.

Having so concluded, we reject the Attorney General's assertion that "the defendant has not established that even if the court's advisement was incorrect, it influenced his decision to testify." *See Harding*, 104 P.3d at 885 ("We have rejected the suggestion that a defendant must prove he was prejudiced by an inadequate advisement.").

■ Gomez had pled guilty to the prior felony. *People v. Linares–Guzman*, 195 P.3d 1130 (Colo.App. 2008)(court can take judicial notice of information on state court system computerized data base about prior pleas). We must assume he did not know that a

guilty plea has the same legal significance as a guilty verdict. *Cf. Harding*, 104 P.3d at 887 (defendant did not know "the evidentiary concept of 'character' and the trait of 'credibility' are substantively different terms"). While we cannot know whether the court's misstatement affected Gomez's decision to waive his right to testify, "courts should not presume acquiescence in the loss of the right to testify, and therefore should indulge every reasonable presumption against waiver." *Blehm*, 983 P.2d at 786.

Accordingly, we conclude that the trial court's *Curtis* advisement was defective, and we remand for an evidentiary hearing at which the prosecutor shall have the opportunity to show that Gomez's waiver was voluntary, knowing, and intentional because he "nevertheless did understand fully his right to testify." *Harding*, 104 P.3d at 885.

We address the remaining issues because either of them could require a new trial, regardless of the validity of the waiver.

## II. Res Gestae

■ Gomez next contends the trial court erred by admitting evidence of his prior drug dealing. We disagree.

In challenging the admission of this evidence, Gomez conflates three different evidentiary principles: hearsay, which was the sole objection below but is not argued on appeal; CRE 404(b), which was not raised below but is argued on appeal; and res gestae, which was the apparent basis for the trial court's ruling and is also argued on appeal.

We decline to address an argument raised in the trial court but not renewed on appeal. *People v. Hall*, 87 P.3d 210, 213 (Colo.App. 2003). Nor do we address an evidentiary issue raised on appeal where a different objection was made below. *See People v. Fisher*, 9 P.3d 1189, 1192 (Colo.App.2000). Further, Gomez does not seek plain error review under CRE 404(b). Hence, we limit our discussion to res gestae.

■ Res gestae "includes evidence of another offense, which is related to the charge on trial, that helps to provide the fact-

finder with a full and complete understanding of the events surrounding the crime and the context in which the charged crime occurred." *People v. Skufca,* 176 P.3d 83, 86 (Colo.2008) (internal citations and quotation marks omitted). Thus, when events leading up to the charged crime help to explain the setting in which it occurred, "no error is committed by permitting the jury to view the criminal episode in the context in which it happened." *People v. Lobato,* 187 Colo. 285, 289–90, 530 P.2d 493, 496 (1975).

■ Admission of res gestae evidence is reviewed for an abuse of discretion. *People v. Lovato,* 179 P.3d 208, 212 (Colo.App.2007). Such evidence is not subject to the procedural requirements of CRE 404(b) and may be admitted without a limiting instruction. *Skufca,* 176 P.3d at 86. However, the evidence must be relevant and its probative value cannot be substantially outweighed by the danger of unfair prejudice. *People v. Quintana,* 882 P.2d 1366, 1374 (Colo.1994); CRE 403.

Here, the undercover detective who purchased drugs from Gomez testified that before the buy he had received information about an individual named Joshua Gomez who had been selling narcotics, including a description of Gomez's vehicle and its license plate number. The trial court concluded that this evidence was admissible "just to give the context of this, how the investigation started. So the jury needs to understand what he is relating to you now is [sic] you are not to consider this for being true, it is just to give you context of how the investigation got started."

The detective's testimony explained to the jury why the police had set up the buy with Gomez. Thus, we conclude that the evidence was properly admitted as res gestae. *See People v. Bernabei,* 979 P.2d 26, 29 (Colo.App.1998)(evidence of the two prior marijuana drug transactions to set the stage for the charged crime admissible as res gestae).

Further, giving the evidence the maximum probative value and the minimum unfair prejudice to be reasonably expected, *see People v. Jaramillo,* 183 P.3d 665, 668 (Colo.App. 2008), we further conclude that the trial court did not abuse its discretion under CRE 403. The court instructed the jury on the limited use of this evidence, and nothing in the record suggests the jury relied on an improper basis for its decision. *Id.*

### III. Prosecutorial Misconduct

■ Finally, Gomez contends the prosecutor's comments impermissibly infringed on his right to remain silent and require reversal. Again, we disagree.

■ The scope of closing argument rests in the sound discretion of the trial court, whose rulings will not be disturbed on review absent a gross abuse of discretion resulting in prejudice and a denial of justice. *People v. Suazo,* 87 P.3d 124, 128 (Colo.App.2003).

■ A prosecutor's closing argument should be restricted to the evidence and reasonable inferences to be drawn therefrom on the issue of whether guilt is proved beyond a reasonable doubt. *People v. Ferrell,* 200 Colo. 128, 131, 613 P.2d 324, 326 (1980). A comment that is calculated or intended to direct the attention of the jury to the defendant's exercise of his right not to testify constitutes reversible error. *People v. Todd,* 189 Colo. 117, 122, 538 P.2d 433, 436 (1975).

■ Factors to be considered in determining whether the prosecutor's argument was a fair comment on the evidence or an unconstitutional reference to a defendant's failure to testify include whether: (1) the comment referred specifically to the defendant's failure to testify or to rebut the evidence against him; (2) the trial court, after an objection was made, gave a cautionary instruction to the jury to disregard the remarks relating to the failure of the defendant to testify; (3) the prosecutor's comments were aggravated or repetitive; and (4) the defendant was the only person who could refute the evidence. *Id.*

■ Contentions of improper closing argument must be evaluated in "the context of the argument as a whole and in light of the evidence." *People v. Gutierrez,* 622 P.2d 547, 554 (Colo.1981).

Here, during closing argument the prosecutor made several references to the evidence being "uncontradicted." Gomez did not object. Nevertheless, the trial court sua sponte instructed the jury "defendant is never compelled to testify and the fact that he does not cannot be used as an inference of guilt and should not prejudice him in any way whatsoever."

The court further told the prosecutor during a bench conference:

What I am going to do at this time, I am not going to allow you to use the word uncontradicted anymore. You've done it several times, I have remind[ed] the jury about the right to remain silent. But I am concerned that any future use of the word uncontradicted may infringe on his ability to remain silent.

The prosecutor did not use the word "uncontradicted" during the remainder of his argument.

We are not persuaded that the prosecutor's references impermissibly shifted the burden of proof to Gomez and thus violated his Fifth Amendment right not to testify.

 "Not every reference to the exercise of the right to remain silent is an error requiring reversal." *People v. Cornelison,* 44 Colo.App. 283, 286, 616 P.2d 173, 176 (1980). In *People v. Johnson,* 671 P.2d 1017, 1020 (Colo.App.1983), the division concluded that a prosecutor's remarks about uncontroverted evidence did not impermissibly infringe on the defendant's right to remain silent because (1) "the prosecution did not specifically state that the defendant did not take the stand to rebut the evidence against him;" (2) "the trial court gave a cautionary instruction regarding defendant's silence;" and (3) the comments were not "overly repetitive or aggravated."

Similarly, here, the prosecutor never referred directly to defendant's failure to testify. The trial court gave a cautionary instruction regarding Gomez's silence, even without being requested to do so. And rather than repeating the comments, the prosecutor abided by the court's direction.

Accordingly, we conclude the prosecutor's comments did not impermissibly infringe on Gomez's right to remain silent.

The judgment is conditionally affirmed and remanded for a hearing. If the court determines that Gomez did not validly waive his right to testify, then the judgment of conviction shall be vacated and the case set for a new trial. If the court determines that the waiver was valid, then the judgment shall stand affirmed, subject to Gomez's right to appeal from the remand order.

Judge LOEB and Judge GABRIEL concur.