The **PEOPLE** of the State of Colorado, Plaintiff–Appellee,

v.

Roy O. **CORNELISON,**
Defendant–Appellant.

No. 77–626.

Colorado Court of Appeals,
Div. III.

May 15, 1980.

Rehearing Denied July 3, 1980.

Robert N. Miller, Dist. Atty., Elizabeth Strobel, Deputy Dist. Atty., Greeley, for plaintiff–appellee.

J. Gregory Walta, Colorado State Public Defender, Margaret L. O'Leary, Deputy State Public Defender, Denver, for defendant–appellant.

PIERCE, Judge.

Defendant was charged with and convicted of second degree murder. He appeals and we affirm.

Testimony at trial disclosed that defendant was employed by his victim as a sheepherder and that defendant lived in a small trailer on land which had been rented as pasture land for the sheep. On the day of the killing, the victim was called by the owner of the land and was told that no one was tending the sheep. The victim and his wife then drove to the site to investigate.

The victim's wife testified that the victim went to defendant's trailer and when he returned he told her that defendant had been drinking and that he had fired him. According to the wife, she and the victim then rounded up the sheep and put them in a pen, a project which took between 15 to 20 minutes. As the victim was walking

back to the car, his wife heard a sharp crack and saw the victim fall to the ground.

Defendant did not testify. However, several other witnesses testified as to what defendant had told them regarding the incident. According to these witnesses, defendant said that the victim had come to his trailer, had sworn at him, had said he was going to get defendant, and had started running for his car. Defendant reportedly said that he knew victim carried a gun in his truck and thought he might have one in his car, so defendant got his rifle from inside his trailer and shot victim as he was going back to his car.

Several witnesses testified that defendant had told them that the victim had become angry with defendant and had cursed him on other occasions prior to the killing and that defendant had developed a fear of the victim.

Defendant was convicted by a jury of second degree murder only and was sentenced to a term of not less than 20 and not more than 50 years.

### I.

Defendant first contends that the trial court erred in its instruction to the jury on manslaughter, as a lesser included offense, by stating that "[i]f between the provocation and the killing there is an interval sufficient for the voice of reason and humanity to be heard, the killing is murder." Citing *English v. People*, 178 Colo. 325, 497 P.2d 691 (1972), and *Wickham v. People*, 41 Colo. 345, 93 P. 478 (1907), defendant contends that the question of whether there was a sufficient "cooling off" period is an issue for the trial court and not for the jury.

Alternatively, defendant contends that if the manslaughter instruction did properly address the question of whether there was a "cooling off" period, the trial court erred by not submitting to the jury an instruction proposed by defendant which stated that "[t]he provocation or the injury inflicted on the Defendant by the alleged victim, whether real or threatened need not immediately precede the act."

It is true that the Supreme Court stated in both *Wickham* and *English* that the question of whether there has been a sufficient cooling off period is a question of law for the court. In both cases, however, it was clear that there was a sufficient interval between any provocation or threats by the victims and the killings for the voice of reason and humanity to be heard. As a result, in both cases the trial court was justified, as a matter of law, in not instructing the jury on the offense of manslaughter.

■ We read *Wickham* and *English* to stand for the proposition that where the evidence is undisputed that the interval between provocation and killing is relatively long and where the evidence is such that the minds of reasonable men could not differ, the trial court may hold, as a matter of law, that there was a sufficient cooling off period. See, *McClung v. Commonwealth*, 215 Va. 654, 212 S.E.2d 290 (1975); *see also, State v. Robinson*, 161 Ohio St. 213, 118 N.E.2d 517 (1954).

■ In the present case, the length of the interval between any provocation and the killing was a disputed factual issue, and, under defendant's version of the incident, might have been too short for there to have been a "cooling off." Therefore, the trial court properly instructed the jury that it might find the defendant guilty of the lesser offense of manslaughter. The question of the sufficiency of the interval was properly submitted to the jury for its determination along with the other factual issues.

■ Likewise, we find no error in the trial court's refusal to give defendant's supplemental instruction. We find that the instruction on manslaughter, which was given in the language of the statute, was sufficient to inform the jury of the law on this issue. *People v. Crawford*, 191 Colo. 504, 553 P.2d 827 (1976).

### II.

Defendant further contends that the trial court erred in denying his motion for mis-

trial based on prejudicial remarks made by the prosecutor during closing argument. He contends that the prosecutor (1) impermissibly drew attention to the fact that defendant did not testify; (2) expressed his personal opinion that the defendant's version of the incident was false; and (3) made comments which tended to appeal to the emotions of the jurors. We find no error.

Not every reference to the exercise of the right to remain silent is an error requiring reversal. The determining factors are (1) whether the defendant's silence was used by the prosecution as a means of creating an inference of guilt, or (2) whether the prosecution argued that defendant's silence constituted an implied admission of guilt. *People v. Key*, 185 Colo. 72, 522 P.2d 719 (1974); *see also People v. Ortega*, Colo., 597 P.2d 1034 (1979). Here, we find no such abuse by the prosecutor, whose comments were to the effect that defendant's story had been presented to the jury indirectly through the testimony of the defense witnesses. In the absence of an abuse of discretion, the trial court's rulings on mistrial motions will not be disturbed on review. *People v. Saars*, 196 Colo. 294, 584 P.2d 622 (1978).

Defendant's remaining contentions relating to remarks made by the prosecutor during closing argument were not included in the motion for new trial and, therefore, were not properly preserved for appeal. Because we find no plain error with respect to these contentions, they will not be considered by this court. *People v. Sanchez*, 180 Colo. 119, 503 P.2d 619 (1972).

### III.

Defendant next contends that the trial court erred in admitting a photograph of the victim, contending that the photograph had no probative value and was inflammatory and arguably inaccurate. We disagree.

It is the responsibility of the trial court to weigh the probative value of a photograph against its inflammatory effect on the jury, and that determination will not be disturbed on review absent an abuse of discretion. *People v. White*, Colo., 606 P.2d 847 (1980). That discretion is not abused by the admission of a photograph showing the victim's body at the crime scene, even where defendant has admitted shooting the victim and where a witness can testify to the location of the wounds. *People v. Sepeda*, 196 Colo. 13, 581 P.2d 723 (1978).

### IV.

Defendant finally contends that the trial court erred in limiting defendant's examination of an expert witness. We disagree.

The record reflects the following occurred during the direct examination of defendant's expert witness:

"Q. Now, Dr. Alexander reached, I believe, a conclusion that under the legal definition of insanity in Colorado that Roy Cornelison was sane on December 30, which is concurrent. Now that finding of legal sanity does not preclude a finding by Dr. Alexander that Roy Cornelison was suffering from an impaired mental condition such that would affect his ability or capacity to form specific intent to kill, does it? The fact that she found him sane does not mean that she's finding that he could not form the capacity, did not have the capacity?

"COUNSEL: I don't understand how he can make a legal conclusion on what somebody else might have done.

"THE COURT: You're asking him to speculate on what Dr. Alexander's findings would be, I'm going to sustain the objection to that question.

"COUNSEL: What I'm asking Dr. MacDonald is that Dr. Alexander—

"COUNSEL: Has the Court ruled, your Honor?

"THE COURT: He can explain to me what he is getting at.

"COUNSEL: What I'm asking Dr. MacDonald is whether Dr. Alexander's finding of sanity necessarily precludes impaired mental condition.

"THE COURT: I'm going to sustain the objection as it relates to Dr. Alexander.

177

I don't think you can ask him to speculate what Dr. Alexander might have found under different circumstances. You can ask about the subject in general but don't ask him to speculate on what Dr. Alexander might have found."

We find no error in the trial court's ruling. The opinion of a witness is properly excluded when it relates to an issue about which the witness has no personal knowledge. *Horton v. Reaves*, 186 Colo. 149, 526 P.2d 304 (1974). Here, defendant's witness could not know how another witness would respond to a question which the other witness was not asked.

Judgment affirmed.

BERMAN and VAN CISE, JJ., concur.