The PEOPLE of the State of Colorado,
Plaintiff–Appellee,

v.

Daniel J. QUINTANA, Defendant–
Appellant.

No. 96CA2195.

Colorado Court of Appeals,
Div. I.

Dec. 10, 1998.

Rehearing Denied Feb. 11, 1999.

Certiorari Denied March 27, 2000.

Gale A. Norton, Attorney General, Martha Phillips Allbright, Chief Deputy Attorney General, Richard A. Westfall, Solicitor General, Matthew S. Holman, Assistant Attorney General, Denver, Colorado, for Plaintiff–Appellee.

Benjamin E. Colkitt, III, Englewood, Colorado, for Defendant–Appellant.

Opinion by Judge ROTHENBERG.

Defendant, Daniel J. Quintana, appeals the judgment of conviction entered on a jury verdict finding him guilty of second degree murder. We affirm.

On September 6, 1995, at approximately 1:30 a.m., as defendant left a bar with a woman friend, his friend became involved in a physical altercation in the parking lot with another woman who had just been kicked out of the bar for being intoxicated. Defendant became involved in the altercation.

When the bartender came out into the parking lot to stop the fight, he and the intoxicated woman were stabbed and the bartender died as a result of his injuries. Defendant and his friend then fled.

The next morning, Denver police were notified that an individual matching the description of a potential suspect in the stabbing was at another bar. Officers arrested defendant at the bar, handcuffed him, informed him that he was a homicide suspect, and placed him in the police car.

Before being advised of his rights under *Miranda v. Arizona,* 384 U.S. 436, 86 S.Ct. 1602, 16 L.Ed.2d 694 (1966), defendant made an unsolicited statement to the effect that he remembered being in a fight the night before. He was then advised of his rights and taken to jail.

Later that morning, a detective again advised defendant of his rights. Defendant indicated he understood his rights and signed a form waiving them.

The detective then sought and received defendant's permission to videotape the interview. Defendant stated that he had consumed several drinks in the morning before being arrested. The detective noticed a slight odor of alcohol on defendant, but testified later at a suppression hearing that defendant did not appear to be intoxicated.

## I.

Defendant first contends the trial court erred in giving a jury instruction on voluntary intoxication over his objection. We disagree.

■ When an objection to a jury instruction is raised, the appropriate standard of review is whether the trial court erred in giving the instruction and, if so, whether the error affected the defendant's substantial rights. *Lybarger v. People,* 807 P.2d 570 (Colo.1991); *People v. Salazar,* 920 P.2d 893 (Colo.App.1996).

At trial, over defendant's objection, the court gave the following instruction to the jury:

> Intoxication is not a defense to a crime having as an element the culpable mental state of knowingly or recklessly. It may, however, negate the existence of specific intent where a crime has as an element with intent, as do the crimes of first degree murder and first degree assault, and intoxication renders the person incapable of forming the specific intent required.

At the prosecution's request, the trial court also instructed the jury on the lesser included offenses of second degree murder and manslaughter.

■ Defendant contends that the court interfered with his tactical decision not to pursue intoxication as a defense, but rather to argue that he did not commit the acts charged. He claims that the trial court's instruction misled the jury into believing he had committed the acts but was relying on intoxication as a defense.

However, contrary to defendant's contention, voluntary intoxication does not constitute an affirmative defense to a crime. It is used only to negate specific intent when that intent is an element of the crime charged. *See* § 18–1–804(1), C.R.S.1998; *Bieber v. People*, 856 P.2d 811 (Colo.1993).

Not only is it appropriate for a trial court to instruct on that defense when it is supported by the evidence, *People v. Lundborg*, 39 Colo.App. 498, 570 P.2d 1303 (1977), it may constitute reversible error if the trial court fails *sua sponte* to instruct the jury on the defense. *People v. Mattas*, 645 P.2d 254 (Colo.1982)(fn.7). *See also Martinez v. People*, 172 Colo. 82, 470 P.2d 26 (1970). *But see People v. Close*, 867 P.2d 82 (Colo.App.1993) (trial court's failure to give voluntary intoxication instruction not erroneous if defense is inconsistent with defendant's trial strategy; under such circumstances, court viewed defendant's failure to tender instruction as a tactical decision).

Although Colorado has no reported appellate cases on the issue raised here, other jurisdictions have held that, where the evidence raises the issue of defendant's intoxication, it is proper for the trial court to give an intoxication instruction over defendant's objection. *See Madden v. State*, 254 Ind. 628, 261 N.E.2d 847 (1970)(not error to give jury instruction on intoxication over defendant's objection because evidence was presented concerning defendant's intoxication at time of crime); *Taylor v. State*, 885 S.W.2d 154 (Tex.Crim.App.1994)(if there is evidence from any source which might lead jury to conclude defendant's intoxication excused his actions, instruction is appropriate).

Here, although defendant admittedly did not call witnesses to testify regarding the quantity of alcohol he drank that night, he nevertheless offered some evidence that he was intoxicated at the time of the offense. The defense introduced his videotaped interview in which he told police officers several times that he had been drinking the night of the offense and claimed that he could not recall what had happened at the bar. The defense also called defendant's daughter as a witness and she testified that defendant had a serious alcohol problem and had suffered frequent blackouts which had caused memory loss.

Thus, defendant's evidence created circumstances allowing the jury to infer that he was so intoxicated on the night of the offense he lacked the ability to form specific intent to commit the offense. The instruction given thus properly advised the jury regarding the legal effect of intoxication on the element of intent.

Accordingly, we reject defendant's contention that the trial court erred in giving the intoxication instruction over his objection.

## II.

Defendant next contends that, because he was intoxicated, he was incapable of knowingly and intelligently waiving his *Miranda* rights. Hence, he asserts that his statements to the police should have been suppressed. We are not persuaded.

■ In order for a waiver of *Miranda* rights to be valid, the prosecution must prove by a preponderance of the evidence that the waiver was knowingly, intelligently, and vol-

untarily made. *People v. Pease*, 934 P.2d 1374 (Colo.1997). *See People v. May*, 859 P.2d 879 (Colo.1993).

Whether a waiver is voluntary, knowing, and intelligent is a question of fact. The trial court must consider the totality of the circumstances surrounding the custodial interrogation. If it applies the proper legal standard and there is record support for its findings, its ruling will be upheld. *People v. Jiminez*, 863 P.2d 981 (Colo.1993).

■ Intoxication is one factor to be considered by the trial court in determining voluntariness and validity of a waiver of *Miranda* rights. However, intoxication alone does not invalidate a knowing, intelligent, and voluntary waiver. *See People v. Veloz*, 946 P.2d 525 (Colo.App.1997)(finding that intoxicated defendant was properly advised of his rights and made statements voluntarily); *State v. Tribou*, 488 A.2d 472 (Me.1985)(although defendant had been drinking and smoking marijuana on day of incident, he was not intoxicated and was able to understand and voluntarily to waive his rights); *State v. Finson*, 447 A.2d 788 (Me.1982)(even a person heavily intoxicated is not necessarily incapable of waiving constitutional rights). *Cf. Ballay v. People*, 160 Colo. 309, 419 P.2d 446 (1966)(statements were not inadmissible merely because defendant was intoxicated when he made them).

■ Here, after considering the totality of the circumstances as revealed by testimony and the videotape, the trial court concluded that: (1) defendant appeared to be moderately affected by the prior consumption of alcohol, but not so intoxicated as to invalidate a knowing and intelligent waiver; (2) he seemed to be oriented to his surroundings and situation; (3) his answers were responsive and appeared to be the product of a rational thought process; and (4) the police did not make threats, promises, or other improper inducements to obtain defendant's cooperation, nor was the questioning overbearing or coercive.

The trial court's findings have record support, and thus, we uphold its conclusion that defendant's waiver was knowing, intelligent, and voluntary.

III.

Defendant next contends the trial court erred by: (1) allowing the prosecution to offer testimony regarding his post-arrest pre-*Miranda* silence; and (2) after allowing the prosecutor to comment on such testimony in closing arguments, by denying his motion for a mistrial. Again, we disagree.

■ If a defendant testifies at trial, the prosecution may use his or her post-arrest pre-*Miranda* silence for purposes of impeaching defendant's direct testimony. *Fletcher v. Weir*, 455 U.S. 603, 102 S.Ct. 1309, 71 L.Ed.2d 490 (1982).

In contrast, the Colorado supreme court has recognized that the use of a defendant's post-arrest pre-*Miranda* silence as substantive evidence of guilt when the defendant does *not* testify may violate defendant's due process rights and Fifth Amendment privilege against self incrimination. *People v. Quintana*, 665 P.2d 605 (Colo.1983). *See* Colo. Const. art. II, §§18 and 25.

In *People v. Quintana, supra*, the defendant elected not to testify and the prosecution offered defendant's post-arrest silence as substantive evidence of his guilt. It is unclear when, if ever, the defendant was advised of his *Miranda* rights.

The supreme court concluded that it was unnecessary to consider the constitutional questions raised and decided the case on the evidentiary principle of relevancy. However, in ordering a new trial, the court stated that:

> [d]ue to the many possible explanations for the defendant's post-arrest silence ... evidence of his failure to make a statement to the arresting officers was so ambiguous and lacking in probative value as to be inadmissible as substantive evidence....

*People v. Quintana, supra*, 665 P.2d at 611.

Here, because defendant similarly elected not to testify, and because the testimony about his post-arrest pre-*Miranda* silence obviously was not being used to impeach his direct testimony, he maintains that reversal is required under *People v. Quintana, supra*. Defendant points to two separate instances during trial in which he claims there were

improper comments on his post-arrest pre-*Miranda* silence. We address and reject each argument in turn.

### A.

During its case-in-chief, the prosecution offered brief testimony by the arresting officer that defendant did not say anything after being told he was under arrest for the homicide. He asserts that the testimony by the arresting officer was improper and constituted error. We disagree that reversal is required.

◼ Defendant did not object to the testimony at the time it was offered at trial. Thus, the plain error standard of review applies. *See Wilson v. People,* 743 P.2d 415 (Colo.1987). Under that standard, the court ruling may be reversed only if, after reviewing the entire record, we can say with fair assurance the error so undermined the fundamental fairness of the trial itself as to cast serious doubt on the reliability of the judgment of conviction. *People v. Kruse,* 839 P.2d 1 (Colo.1992).

◼ Here, the officer's testimony was brief and it merely set forth the events surrounding defendant's arrest in the chronology in which they had occurred. Thus, any prejudice to defendant by the officer's remark was slight.

Further, defendant's silence was not offered as substantive evidence of his guilt. It is therefore distinguishable from the testimony in *People v. Quintana, supra,* which was used as substantive evidence to rebut the defendant's affirmative defense of duress.

Accordingly, we conclude that the officer's brief remark regarding defendant's silence did not constitute plain error.

### B.

Later, during closing argument, the prosecutor referred to the officer's testimony regarding defendant's post-arrest silence. At this time, the defense objected, moved for a mistrial, and defendant now asserts error by the trial court in denying his motion for mistrial. We perceive no abuse of discretion by the court.

◼ A mistrial is a drastic remedy and is warranted only if the prejudice to the accused is too great to be remedied by other means. The trial court has broad discretion to grant or deny a mistrial, and an appellate court will not disturb that decision absent gross abuse of discretion and prejudice to the defendant. *People v. Collins,* 730 P.2d 293 (Colo.1986); *People v. Dooley,* 944 P.2d 590 (Colo.App.1997).

◼ Reversible error occurs only where the error substantially influenced the verdict or affected the fairness of the trial proceedings. *See* Crim. P. 52(a). *See also Kotteakos v. United States,* 328 U.S. 750, 66 S.Ct. 1239, 90 L.Ed. 1557 (1946); *People v. Quintana, supra.*

◼ Not every reference to a defendant's silence requires reversal and a new trial. *People v. Key,* 185 Colo. 72, 522 P.2d 719 (1974); *People v. Reali,* 895 P.2d 161 (Colo. App.1994).

◼ In determining whether a prosecutor's comment on defendant's silence constitutes reversible error, the court should consider: (1) whether the improper remarks were used as a means of creating an inference of guilt; and (2) whether the prosecution argued that defendant's silence constituted an implied admission of guilt. *People v. Rodgers,* 756 P.2d 980 (Colo.1988); *People v. Cornelison,* 44 Colo.App. 283, 616 P.2d 173 (1980).

◼ As noted earlier, the prosecutor was commenting on evidence that initially was admitted without objection by the defendant. Further, the prosecutor did not directly argue that defendant's failure to make a statement at the time he was arrested constituted an implied admission of guilt. Rather, the prosecutor commented on the officer's testimony to describe how the events chronologically occurred, and to place defendant's later volunteered statements in the police car in context for the jury.

Additionally, after defendant objected to the prosecutor's statement, the trial court immediately instructed the prosecutor not to comment further on defendant's silence.

Under these circumstances, we conclude that the brief comment on defendant's silence during closing argument did not substantially influence the verdict or affect the fairness of the trial proceedings. Accordingly, we further conclude that the trial court did not abuse its discretion in denying defendant's motion for mistrial.

Judgment affirmed.

Judge METZGER and Judge PLANK concur.