The PEOPLE of the State of Colorado, Plaintiff–Appellee,

v.

Dwayne Edward MARTIN, Defendant–Appellant.

No. 98CA0429.

Colorado Court of Appeals, Div. III.

Dec. 21, 2000.

Certiorari Denied Sept. 4, 2001.

Ken Salazar, Attorney General, Hugo Teufel, Special Assistant Attorney General, Denver, CO, for Plaintiff–Appellee.

David S. Kaplan, Colorado State Public Defender, Keyonyu X. O'Connell, Deputy State Public Defender, Denver, CO, for Defendant–Appellant.

Opinion by Judge ROY.

Defendant, Dwayne Edward Martin, appeals the judgment of conviction entered upon a jury verdict finding him guilty of second degree assault. On appeal, defendant's sole claim is that, because evidence was introduced at trial indicating that he was intoxicated on the night in question, the trial court erred by not sua sponte reconsidering its pre-trial ruling denying his motion to suppress inculpatory statements made during custodial interrogation. We disagree and therefore affirm.

Defendant was arrested for assaulting a cab driver. At the police station, the arresting officer advised defendant of his rights pursuant to *Miranda v. Arizona*, 384 U.S. 436, 86 S.Ct. 1602, 16 L.Ed.2d 694 (1966). Defendant initialed and signed an advisement form indicating that he understood his rights and wished to waive them. Defendant then told the officer that he had acted in self-defense. He boasted about his experience as a wrestler and referred to the cab driver using a racial epithet. Defendant also told the officer that he had kicked the cab driver in the head several times.

Prior to trial, defendant filed a written motion to suppress these statements. As grounds, defendant alleged that the interrogation violated his right against self-incrimination and that his statements were involuntarily made as a result of "undue influence and duress."

At the hearing on that motion, defense counsel cross-examined the arresting officer regarding defendant's waiver of his *Miranda* rights, without ever asking the officer whether defendant was intoxicated. The defense did not call any witnesses at the suppression hearing and did not present any evidence indicating that defendant was intoxicated during the interrogation. At the conclusion of the hearing, defense counsel argued, on unspecified grounds, that defendant's statements were involuntary. The trial court disagreed and ruled defendant's statements were voluntarily made after a valid waiver of his *Miranda* rights.

At trial, the defense introduced evidence indicating that, on the night in question, de-

fendant had taken a taxicab because he was "very drunk." Defense counsel did not ask the trial court to reconsider its pre-trial ruling concerning the admissibility of defendant's statements, and the conviction here at issue followed.

■ It is the defendant's obligation to ask the trial court to reconsider a pre-trial suppression ruling based on evidence subsequently adduced at trial. Only when the trial evidence is of such a nature that the trial court should have immediately realized that its earlier ruling was erroneous will the court's failure to act sua sponte constitute plain error. *United States v. Parra*, 2 F.3d 1058 (10th Cir.1993), cert. denied, 510 U.S. 1026, 114 S.Ct. 639, 126 L.Ed.2d 597 (1993); *see People v. McClure*, 779 P.2d 864 (Colo. 1989); *see also* 5 W.R. LaFave, Search & Seizure: A Treatise on the Fourth Amendment § 11.7(d) (3d ed.1996).

■ In Colorado, the plain error analysis does not pertain when the error is of constitutional dimension. When an error is of constitutional dimension, reversal is not required if the reviewing court concludes that any error was harmless beyond a reasonable doubt, regardless of whether the error was properly preserved for appeal. *Graham v. People*, 705 P.2d 505 (Colo.1985).

■ Although the trial evidence established that defendant was intoxicated prior to his arrest, there was no evidence indicating that he was intoxicated approximately three hours later, when he waived his *Miranda* rights at the police station. Furthermore, intoxication alone does not automatically render statements involuntary, or invalidate an otherwise valid waiver of *Miranda* rights. *See People v. Quintana*, 996 P.2d 146 (Colo. App.1998); *People v. Veloz*, 946 P.2d 525 (Colo.App.1997).

We conclude that the evidence of intoxication adduced at trial was not of such a nature that the trial court should have immediately realized that its earlier ruling was erroneous, so as to require the trial court to question, sua sponte, the correctness of its pre-trial determination that defendant's statements were voluntarily made after a valid waiver of his Miranda rights.

Nor, in our view, was the evidence of intoxication presented at trial of such quality that there is any likelihood defendant's statements would have been suppressed had the evidence been presented at the pre-trial suppression hearing. Consequently, any error in failing to reconsider was harmless beyond a reasonable doubt.

The judgment is affirmed.

NEY and DAVIDSON, JJ., concur.