**The PEOPLE of the State of Colorado, Plaintiff–Appellee,**

v.

**Michael Omar HALL, Defendant–Appellant.**

No. 03CA0355.

Colorado Court of Appeals, Division I.

Nov. 18, 2004.

Ken Salazar, Attorney General, Karen S. Lorenz, Assistant Attorney General, Denver, Colorado, for Plaintiff–Appellee.

David S. Kaplan, Colorado State Public Defender, Lisa Weisz, Deputy State Public Defender, Denver, Colorado, for Defendant–Appellant.

PICCONE, J.

Defendant, Michael Omar Hall, appeals the judgment of conviction entered on jury verdicts finding him guilty of vehicular homicide, vehicular assault, careless driving resulting in injury, driving under the influence, and use of a schedule II controlled substance. We affirm.

On December 29, 2001, defendant, the victim, and four friends were riding in a car owned by defendant's mother and driven by defendant. The group drove from Delta, Colorado, to Hotchkiss, then on to Paonia, and back to Delta. Everyone in the group had been drinking alcohol.

On the return trip to Delta, the vehicle skidded through a stop sign, spun off of the road, and crashed. The victim died at the scene, and the surviving passengers were injured.

At trial, the defense centered on the identity of the driver. Defendant argued that A.R., one of the passengers, was driving at the time of the accident. The four surviving passengers testified that defendant was driving then.

I.

Defendant contends the trial court erred by excluding, under CRE 608(b), the testimony regarding A.R.'s conduct during an alleged conversation about the accident. Specifically, he argues such testimony should have been admitted as "impeachment by specific contradiction." We conclude the trial court erred in excluding the testimony under CRE 608(b), but that any error was harmless.

CRE 608(b) provides that specific instances of a witness's conduct may be inquired into on cross-examination under certain circumstances:

Specific instances of the conduct of a witness, for the purpose of attacking or supporting his credibility, other than conviction of crime ... may not be proved by extrinsic evidence. They may, however, in the discretion of the court, if probative of truthfulness or untruthfulness, be inquired into on cross-examination of the witness (1) concerning his character for truthfulness or untruthfulness, or (2) concerning the character for truthfulness or untruthfulness of another witness as to which character the witness being cross-examined has testified.

CRE 608 controls the admissibility of character evidence when it is offered to support or attack the credibility of a witness. "[W]itness character evidence may be defined as evidence that directly relates to the general credibility of the witness, rather than the believability of specific testimony, and

conveys some judgment about the ethics or moral qualities of that witness." 28 Charles A. Wright & Victor J. Gold, *Federal Practice and Procedure* § 6113 (1993).

To the contrary, "[character impeachment] looks to the past and requires the trier of fact to add another link in the chain of inferences which must be drawn, i.e., that because the witness has lied or been dishonest on previous occasions, he has the character of a liar and therefore must be lying on this occasion." 28 Wright, *supra*, § 6112 n. 9 (quoting Kerper & MacDonald, *Federal Rules of Evidence 608(b): a Proposed Revision*, 22 Akron L.Rev. 283, 291 (1989)).

Here, A.R. testified defendant was driving the car at the time of the accident. During cross-examination of A.R. the following exchange took place:

Q. In a couple of days after the accident, were you with a group of friends that included [N.T.]?

A. No.

Q. When you were with friends or with a group, and if anyone said that you were driving, would you correct them?

A. Yes.

Q. That would include the group a couple days after, when if someone would have said you were driving, you would have corrected them?

A. Yes.

The defense called N.T. as a witness and sought to introduce testimony by N.T. that A.R. was present during a conversation when she was accused of being the driver at the time of the accident and that A.R. did not deny the accusation. N.T. testified:

Q. [H]ave you had any conversations about the accident?

. . . .

A. Yes.

Q. Have you had any conversations about that accident when [A.R.] has been present?

A. Yes.

Q. In that conversation about that accident when [A.R.] was present, could she hear the conversation?

A. Yes.

Q. Did you have one of those conversations where someone said that [A.R.] was-

P. Object to hearsay, Your Honor.

The prosecution objected on hearsay grounds and defense counsel argued the testimony was not offered to prove the truth of the matter, but was an attempt to impeach A.R.'s statement that she would have corrected anyone who accused her of driving. The trial court sustained the objection, finding that such conduct "may not be produced by extrinsic evidence under 608(b)."

We conclude the trial court should not have sustained the objection on this basis. We agree with defendant's argument that impeachment by contradiction must be distinguished from the impeachment technique set forth in CRE 608(b), but because we conclude that any error in excluding this testimony is harmless, we do not reach defendant's argument that the proffered testimony should have been admitted as impeachment by specific contradiction.

Although we recognize that in some circumstances, evidence of contradiction might also be an attack on the witness's character, that was not the circumstance here. The inquiry was whether A.R. was testifying truthfully in this case, not whether she had a character of being truthful. *See* 28 Wright, *supra*, § 6112 ("unlike evidence of bias or prior inconsistent statements, character evidence bears no specific link to the facts or parties in a case"). Thus, the proffered evidence here did not constitute a general character attack on A.R.

In reaching our conclusion, we are mindful that the first sentence of CRE 608(b) states that extrinsic evidence of witness conduct is inadmissible when offered "for the purpose of attacking or supporting [the witness's] credibility." "This appears to prohibit extrinsic evidence of witness conduct not only when it reveals character pertinent to credibility, but also when it shows bias, contradiction, or lack of capacity." 28 Wright, *supra*, § 6113.

We are aware of no Colorado appellate opinions addressing this issue. Thus we look to cases interpreting Fed.R.Evid. 608(b), which is identical in all pertinent respects to the Colorado rule. The weight of authority suggests Rule 608 applies only to the admissibility of character evidence. *See* 28

Wright, *supra*, § 6113; *see also United States v. Abel*, 469 U.S. 45, 105 S.Ct. 465, 83 L.Ed.2d 450 (1984)(Rule 608(b) prohibition against extrinsic evidence does not apply to extrinsic evidence of bias).

▆ Under the harmless error standard, an erroneous evidentiary ruling that does not affect a substantial right of a party is to be disregarded. *People v. Candelaria*, 107 P.3d 1080, 2004 WL 1352597 (Colo.App. No. 01CA2467, June 17, 2004). The evidentiary ruling will be deemed harmless if the reviewing court can say with fair assurance that, in light of the entire record at trial, the error did not substantially influence the verdict or impair the fairness of the trial. *See Candelaria, supra.*

▆ Here, in response to questioning on cross-examination, A.R. denied that, a few days after the accident, she was with a group of friends that included N.T. She also agreed with defense counsel that "if someone would have said you were driving, you would have corrected them." Later, during direct examination of N.T., defendant sought to impeach A.R.'s statement that she would have corrected anyone who accused her of driving.

Initially, we note that the question asked on cross-examination was vague and speculative. Further, counsel failed to make an offer of proof as to what statement was purportedly made to A.R., who made it, who was present when the statement was made, and what A.R.'s response was.

Moreover, defendant's theory of defense was that A.R. was the driver. A.R. testified that defendant was the driver and was subject to cross-examination on this issue. The other three surviving passengers also testified that defendant was driving at the time of the accident, and they were subject to extensive cross-examination. Neither witness who testified that A.R. was the driver was present at the accident or had first-hand knowledge of who was driving the car. In these circumstances, we conclude exclusion of the evidence did not substantially influence the verdict or impair the fairness of the trial.

## II.

▆ Defendant contends reversal is required because the prosecution elicited testimony of defendant's silence after he was arrested and then relied on that testimony in closing argument. We disagree.

▆ Because defendant did not object to the testimony he complains of on appeal, we review for plain error. *See Harris v. People*, 888 P.2d 259, 267 (Colo.1995). Under a plain error standard, the judgment may be reversed only if, after reviewing the entire record, we can say with fair assurance the error so undermined the fundamental fairness of the trial itself as to cast serious doubt on the reliability of the verdict. *Walker v. People*, 932 P.2d 303 (Colo.1997); *People v. Kruse*, 839 P.2d 1 (Colo.1992).

### A. Right to Remain Silent

▆ It is well established that the prosecution may not refer to a defendant's exercise of his right to remain silent. *People v. Key*, 185 Colo. 72, 522 P.2d 719 (1974). However, reversal is not required by every reference to a defendant's silence. *People v. Quintana*, 996 P.2d 146, 150 (Colo.App.1998). Reversal is warranted only where the prosecution utilizes the defendant's silence as a means of creating an inference of guilt. *Hines v. People*, 179 Colo. 4, 7, 497 P.2d 1258, 1260 (1972).

Here, the officer testified to his observation of the accident scene and described the events surrounding defendant's arrest. The officer stated he advised defendant of his rights and then asked whether defendant would be willing to speak with him. In response, defendant blew kisses at the officer. The following colloquy occurred:

[Prosecutor] Q. What was his [defendant's] demeanor while you were speaking with him?

[Witness] A. Disoriented, bloodshot, watery eyes, could smell the alcohol, odor of alcoholic beverage.

Q. Have you had training in dealing with people who-

A. Yes, ma'am.

Q. Have been drinking?

A. Yes, ma'am.

Q. Did he show any signs of being a person who had been drinking?

A. Yes, ma'am.

Q. Those were what?

A. The bloodshot, watery eyes, the odor of alcoholic beverage, the slurred speech, and the mannerisms he was using.

Q. Did you advise him of his rights in the ambulance?

A. Yes, I did.

Q. What was his response?

A. He began to blow kisses at me. And he told me he would talk to Officer Straight in twenty minutes and then blew more kisses at me.

Q. Did you ask him if he would be willing to speak with you?

A. Yes, I did. I asked him if he would speak with me. At that time is when he said he would talk to Officer Straight and when he was blowing kisses.

Contrary to defendant's contention, the foregoing testimony was not an improper reference to defendant's exercise of his right to remain silent. Instead, the officer's comments merely described defendant's behavior and his response to the officer's question, both of which were relevant to defendant's behavior at the scene and his level of intoxication. Consequently, we reject defendant's argument that the prosecution improperly attempted to use this testimony to infer guilt.

### B. Prosecutorial Misconduct

■ To determine whether a prosecutor's comment on the defendant's silence constitutes reversible error, the court should consider: (1) whether the improper remarks were used as a means of creating an inference of guilt; and (2) whether the prosecution argued that the defendant's silence constituted an implied admission of guilt. *People v. Rodgers,* 756 P.2d 980, 984 (Colo.1988); *Quintana, supra,* 996 P.2d at 150.

■ Here, during closing argument, the prosecutor referenced the officer's testimony. He stated:

[T]he defendant's behavior after the accident shows that he was intoxicated. When [the police officer] was in the ambulance with him and advised him of his rights, asked him if he understood and wanted to talk to him about the accident, the defendant's blowing kisses at the officer.

The prosecutor's comment did not create an inference of guilt nor imply admission of guilt. Rather, the purpose of the comment was to reinforce the evidence of defendant's intoxication. The prosecutor emphasized defendant's level of intoxication on the night of the accident and defendant's behavior of blowing kisses to the officer. She did not draw attention to the fact that defendant exercised his right to remain silent.

Therefore, we conclude there was no plain error.

### III.

■ Defendant contends the trial court erred in admitting improper opinion testimony by a police officer that two witnesses seemed "sincere." We agree that such testimony was improper, but conclude it did not amount to plain error.

CRE 608(a) provides, in pertinent part:

Opinion and reputation evidence of character. The credibility of a witness may be attacked or supported by evidence in the form of opinion or reputation, but subject to these limitations: (1) the evidence may refer only to character for truthfulness or untruthfulness, and (2) evidence of truthful character is admissible only after the character of the witness for truthfulness has been attacked by opinion or reputation evidence or otherwise.

■ CRE 608(a)(1) thus permits a witness to express his or her opinion regarding another witness's character for truthfulness or untruthfulness under certain circumstances. CRE 608(a)(1), however, does not allow a witness to testify that another witness is testifying truthfully on a particular occasion. *People v. Gaffney,* 769 P.2d 1081 (Colo.1989); *People v. Oliver,* 745 P.2d 222 (Colo.1987)(testimony that social worker and investigator personally believed victims' statements was improperly admitted because it concerned their truthfulness on specific occasions); *see also People v. Eppens,* 979 P.2d 14 (Colo.1999); *cf.* CRE 404(a) ("Evidence of a person's character or a trait of his character is not admissible for the purpose of proving that he acted in conformity therewith on a particular occasion.").

Here, a police officer testified that he interviewed two of the victims at the hospital on the night of the accident. The following colloquy took place:

Q: Who did you talk to at the hospital?

A: When I first got to the hospital, I spoke to A.R., and her mom was there.

Q: What was her demeanor when you talked to her?

A: Well, she was, of course, in some pain but was willing to speak with me. And I started to speak with her and asked her some questions about the accident, and she seemed sincere about what she was telling me.

Q: Did she seem to have a good memory of what happened?

A: Well, there were a few details. It was a little foggy from the time the accident actually happened, she was having a hard time recalling all of it because of how fast things happened, but she was able to give me a gist of what had happened.

Q: Did she have difficulty remembering who was driving?

A: No, when I asked her, she didn't hesitate at all and said that it was [defendant].

Q: Who did you talk to after A.?

A: After I finished with A., I went into the next room where T.R. was kept and spoke with him.

Q: What was his demeanor?

A: Again, he was in a little bit of pain, but he did seem sincere and cooperative to answer questions.

Q: Could he remember the accident?

A: He had a little tougher time recalling what had happened right at the accident, afterwards. He was able to give me information as far as who the driver was. That was one of the first questions I'd asked. He again stated it was [defendant].

The prosecution argues the officer's comments that the witnesses seemed "sincere" were not statements regarding their truthfulness but an acceptable observation of the witnesses' demeanor pursuant to CRE 701(a). In *People v. Eppens, supra,* 979 P.2d at 18, the supreme court rejected an identical argument, explaining that "[t]he meaning of the words 'truth' and 'sincerity' are too closely related to permit [such a] fine distinction."

Because defendant did not make a contemporaneous objection to the officer's testimony, we review for plain error. *See Kruse, supra.*

Our review of the record shows several factors that diminish any prejudicial effect of the officer's remarks. Both witnesses testified in detail regarding the night's events and were cross-examined, which gave the jury an opportunity to judge their credibility. A.R.'s and T.R.'s testimony regarding who was driving was corroborated by a third witness. The officer testified as a lay, not expert witness. The prosecution did not refer to the officer's characterization of the witnesses at any time during the trial. *See Eppens, supra.* Therefore, admission of the officer's testimony was not plain error.

IV.

■ Defendant contends the trial court erred in admitting into evidence a photograph of the vehicle at the scene of the accident that depicts a sticker on the rear windshield, which reads, "Beer Drinker." Specifically, defendant argues the photograph is cumulative and unfairly and unduly prejudicial. We disagree.

■ Relevant evidence may be excluded if its probative value is substantially outweighed by the danger of unfair prejudice. CRE 403. Unfair prejudice refers to "an undue tendency on the part of admissible evidence to suggest a decision made on an improper basis." *People v. Gibbens,* 905 P.2d 604, 608 (Colo.1995) (quoting *People v. Dist. Court,* 869 P.2d 1281, 1286 (Colo.1994)). Evidence is not "unfairly prejudicial" simply because it damages the defendant's case. "All effective evidence is prejudicial in the sense of being damaging or detrimental to the party against whom it is offered." *Masters v. People,* 58 P.3d 979, 1001 (Colo.2002) (quoting *People v. Dist. Court,* 785 P.2d 141, 147 (Colo.1990)).

■ The trial court has considerable discretion under the balancing test set forth in CRE 403, and we will not disturb its ruling on appeal absent an abuse of discretion. *Masters, supra.* To demonstrate an abuse of discretion, a defendant must show the trial

court's decision was manifestly arbitrary, unreasonable, or unfair. *Masters, supra.* On review, we must give the evidence the maximum probative value attributable by a reasonable fact finder and the minimum unfair prejudice reasonably to be expected. *People v. Kenny,* 30 P.3d 734 (Colo.App.2000).

The balancing test set forth in CRE 403 strongly favors the admission of evidence. *Masters, supra.*

Here, in overruling defendant's objection to the admission of the photograph, the trial court stated: "[T]his photograph Exhibit J depicts the car in a different posture from a different location and angle than any of the other photographs, therefore, not cumulative. Also, it appears to be referring to the sticker on the window that appears in other photographs."

We agree with the court that the condition of the vehicle was relevant. The photograph depicts the vehicle from a different angle than the other photographs and is therefore not cumulative. The sticker also appears in other photographs, which were admitted without objection.

Accordingly, we conclude that the trial court did not abuse its discretion.

The judgment is affirmed.

Judge MARQUEZ and Judge KAPELKE concur.